JUDGE KEENAN

**'07 CIV 9682**

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Padre Shipping, Inc.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PADRE SHIPPING, INC.


OCT 31 2007
U.S.D.C. S.D.N.Y.
CASHIERS

                Plaintiff,

        v.                                              07 CV _____ (___)

YONG HE SHIPPING, also known as,             **VERIFIED COMPLAINT**
YONG HE SHIPPING (HK) LIMITED;
TRIANGIEN PORTRANS INTERNATIONAL
SHIPPING AGENCY; and,
PROSPER SHIPPING LIMITED.

                Defendants.
------------------------------------------------------------X

Plaintiff PADRE SHIPPING, INC., by its attorneys, as and for its Verified

Complaint against the Defendants, YONG HE SHIPPING, which is also known as

YONG HE SHIPPING (HK) LIMITED, TRIANGIEN PORTRANS INTERNATIONAL

SHIPPING AGENCY and PROSPER SHIPPING LIMITED, alleges upon information

and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff PADRE SHIPPING LIMITED (hereinafter "PADRE") was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia.

3. The plaintiff PADRE is the Owner of the ocean going vessel known as the M.V. PADRE.

4. At all times material hereto, Defendant YONG HE SHIPPING, also known as YONG HE SHIPPING (HK) LIMITED (hereinafter collectively referred to as "YONG HE"), was and still is a foreign business entity duly organized and existing pursuant to the laws of Hong Kong with an office and principal place of business in Hong Kong, S.A.R. People's Republic of China.

5. The Defendant YONG HE is engaged in the business of transporting cargo by ocean vessel.

6. The Defendant TRIANGIEN PORTRANS INTERNATIONAL SHIPPING AGENCY (hereinafter "TRIANGIEN") was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country.

7. The Defendant TRIANGIEN is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

8. The Defendant PROSPER SHIPPING LIMITED (hereinafter "PROSPER") was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country.

9. The Defendant PROSPER is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

## THE MARITIME CONTRACT

10. On August 29, 2007, PADRE, as owner of the ocean going vessel M/V PADRE, entered into a charter party contract with YONG HE, as charterer, whereby YONG HE hired the M/V PADRE to perform a voyage, and carry YONG HE's cargo, from China to ports in the Mediterranean Sea.

11. In exchange for the use of the M/V PADRE to carry its designated cargo, and as provided for in the charter party dated August 29, 2008, the Defendant YONG HE agreed to pay hire to PADRE in the amount of $36,000.00 per day every 15 days in advance.

12. As provided for in the charter party dated August 29, 2007, failing the punctual and regular payment of the hire or on any fundamental breach whatsoever of the charter party, the vessel Owner was permitted to withdraw the vessel from the Charterer's service without prejudice to any claims the Owner may otherwise have against the Charterer.

13. As provided for in the charter party dated August 29, 2007, the failure to make punctual and regular payments of hire due to oversight, negligence, errors or omissions on the part of the Charterers or their bankers was excusable provided the Owner gave written notice of the default and the payment was effected within three (3) days.

14. As provided for in the charter party dated August 29, 2008, any and all disputes between PADRE and YONG HE arising from the charter of the M/V PADRE were to be arbitrated in London and all disputes under the charter party are governed by English law.

15. The charter party contract between plaintiff PADRE and defendant YONG HE is a maritime contract.

16. In accordance with the maritime contract, the M/V PADRE was delivered to YONG HE on September 24, 2007.

## AS AND FOR A CAUSE OF ACTION
## AGAINST PADRE FOR BREACH OF MARITIME CONTRACT

17. When the M/V PADRE was delivered to YONG HE on September 24, 2007, YONG HE was obligated to pay the first hire payment and, also, pay for the value of the fuel then on board the vessel.

18. In breach its obligations under the charter party, YONG HE failed to pay the first hire payment on September 24, 2007 and it has persistently failed to pay hire on time in breach of the charter.

19. In breach of the charter party, YONG HE did not pay the first hire payment and pay for the fuel until October 3, 2007 and October 9, 2007.

20. In accordance with the terms and conditions of the charter party, the second hire payment became due and payable on October 9, 2007, but YONG HE failed to make that payment.

21. In accordance with the terms of conditions of the charter party. PADRE provided YONG HE with notice of default concerning the second hire payment on October 12, 2007, but YONG HE still failed to effect payment within three (3) days.

22. PADRE placed YONG HE on notice that the payments of hire had to be made in accordance with the terms and conditions of the charter party, failing which PADRE would withdraw the vessel.

23. YONG HE ultimately paid the second hire payment on October 26, 2007.

24. The third hire payment, in the amount of US$524,280.00, became due on October 24, 2007, but YONG HE failed to make that payment.

25. In accordance with the terms and conditions of the charter party, PADRE placed YONG HE on notice of default with respect to the third hire payment on October 24, 2007, but YONG HE has failed to effect payment within three (3) days and is in breach of its contractual obligations under the charter party.

26. By reason of YONG HE's repeated breaches of the maritime contract, PADRE has served notice on YONG HE that PADRE it will avail itself of all of its legal and contractual remedies including, but not limited to, withdrawal of the vessel, suspension of services and arbitration at London.

27. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English law.

28. As best as can now be estimated, the Plaintiff PADRE expects to recover the following amounts from YONG HE in London arbitration:

| | | |
|---|---|---:|
| A. | Principal claim for unpaid hire: | $524,280.00 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $140,633.75 |
| C. | Estimated attorneys' fees: | $100,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 50,000.00 |
| **Total** | | **$814,913.75** |

## AS AND FOR A CAUSE OF ALTER-EGO LIABILITY AGAINST DEFENDANTS TRIANGIEN AND PROSPER

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of the Verified Complaint as though set forth at length herein.

30. At all material times, there existed such unity of ownership and interest between Defendant YONG HE and Defendants TRIANGIEN and PROSPER that no separation existed between them and the corporate form of Defendant YONG HE has been disregarded such that Defendant YONG HE primarily transacted the business of Defendants TRIANGIEN and/or PROSPER, and, therefore, they are the alter-egos of each other.

31. At all material times, Defendant YONG HE chartered the M/V PADRE in the name of Defendants TRIANGIEN and/or PROSPER such that Defendants TRIANGIEN and/or PROSPER were the charterer of the M//V PADRE.

32. At all material times, Defendant YONG HE and Defendants TRIANGIEN and/or PROSPER have or had overlapping ownership, management, personnel and purposes such that Defendant YONG HE and Defendants TRIANGIEN and/or PROSPER did not and do not operate at arms length.

33. At all material times, there has been an intermingling of funds between Defendant YONG HE and Defendants TRIANGIEN and/or PROSPER.

34. On October 3, 2007 and, again on, October 26, 2007, the alter-ego defendant PROSPER made hire payments on behalf YONG HE in respect of the M/V PADRE to satisfy the contractual obligations of its alter ego YONG HE in circumstances where PROSPER was not contractually obligated to PADRE.

35. On October 9, 2007, the alter ego defendant TRIANGIEN made hire payments on behalf YONG HE in respect of the M/V PADRE to satisfy the contractual obligations of its alter ego YONG HE in circumstances where TRIANGIEN was not contractually obligated to PADRE.

36. At all material times, Defendants TRIANGIEN and PROSPER have dominated, controlled and used the Defendant YONG HE for their own purposes such that there is no meaningful difference between the several entities, or vice versa.

37. At all material times, Defendants TRIANGIEN and PROSPER have disregarded the corporate form of Defendant YONG HE to the extent that Defendant YONG HE was actually carrying on TRIANGIEN's and PROSPER's business and operations as if the same were its own, or vice versa.

38. There are reasonable grounds to conclude that the Defendants TRIANGIEN and PROSPER are the alter-ego of Defendant YONG HE and, therefore, Plaintiff PADRE has a valid prima facie *in personam* claim against Defendants TRIANGIEN and PROSPER based upon alter ego liability.

39. The Defendant YONG HE utilizes the Defendants TRIANGIEN and PROSPER to transfer funds through, to and from the Southern District of New York on its behalf or vice versa.

## PRAYER FOR RELIEF

40. Notwithstanding the fact that the liability of the putative Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendants within this District and held by various parties, as garnishees.

41. Plaintiff PADRE believes that some of these assets, *to wit*: bank accounts; payments of freight and/or hire from the shippers of the cargoes on board the M/V PADRE and/or other cargoes on other vessels chartered by YONG HE; freight and/or hire payments being made to other vessel owners for vessels chartered by YONG HE; Clearing House Interbank Payment System (CHIPS) credits; and/or miscellaneous funds & payments, are being electronically transferred through intermediary banks located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

42. As set forth in the accompanying affidavit of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

43. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants

and/or *quasi in rem* jurisdiction over the property of the Defendants, in the event that the Defendants challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendants be summoned to appear and answer this Verified Complaint;

B. That the Defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like, whether tangible or intangible, belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $814,913.75, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
      October 30, 2007

                                       CHALOS, O'CONNOR & DUFFY, LLP
                                       Attorneys for Plaintiff,
                                       PADRE SHIPPING, INC.

By: _____
                                       Owen F. Duffy (OD-3144)
                                       George E. Murray (GM-4172)
                                       366 Main Street
                                       Port Washington, New York 11050
                                       Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Padre Shipping, Inc.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PADRE SHIPPING, INC.,

                Plaintiff,

        07 CV _____ (___)

   v.

**VERIFICATION OF COMPLAINT**

YONG HE SHIPPING, also known as,
YONG HE SHIPPING (HK) LIMITED;
TRIANGIEN PORTRANS INTERNATIONAL
SHIPPING AGENCY; and,
PROSPER SHIPPING LIMITED,

                Defendants.
------------------------------------------------------------------X

      Pursuant to 28 U.S.C. § 1746, OWEN F. DUFFY, Esq., declares under the penalty of perjury:

      1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff PADRE SHIPPING, INC., herein;

      2.    I have read the foregoing complaint and knows the contents thereof; and

      3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is

a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
October 31, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
PADRE SHIPPING, INC.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

Sworn to and subscribed before
me this 31st day of October, 2007.

_____
Notary Public

Reg. No. 02CU5047018
My commission expires 07/24/09
Qualified in Suffolk County
Certified in Nassau County

2