**EXHIBIT B**

| | | |
|---|---|---|
| **Shipper**<br>CHANGSHU XINGDAO ADVANCED BUILDING-MATERIAL CO. LTD<br>DONGBANG INDUSTRIAL PARK, CHANGSHU JIANGSU, CHINA. | **BILL OF LADING** | B/L NO. CHASA04<br>Nationality of Ocean Vessel |

**Consignee**
TO THE ORDER OF CREDIT SUISSE, ZURICH

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated), the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.
The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the Shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.
In witness where of, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.
Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

**Notify Address**
CVACEROS AG BAARERSTRASSE 12 6300 ZUG SWITZERLAND

**Original**

| Pre-carriage by | Place of Receipt by Pre-carrier | | | |
|---|---|---|---|---|
| Ocean Vessel PADRE V.01 | Port of Loading CHANGSHU PORT, CHINA | | | |
| Port of Discharge SAGUNTO PORT, SPAIN | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L THREE | |

| Marks & Nos./Container Nos. | Number and kind of packages; description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 25 COILS<br><br>CONTINUOUSLY HOT-DIP ZINC-COATED STEEL COILS<br><br><br><br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FIXTURE NOTE DATED: 03.09, 2007 | G.W. :348.170 MTS<br>N.W. :346.020 MTS<br><br>ON BOARD<br>30 SEP 2007 | |

| TOTAL PACKAGES (IN WORDS) | SAY TOTAL TWENTY FIVE COILS ONLY | | |
|---|---|---|---|
| Freight and charges | | Place of B(s)/L Issue<br>CHANGSHU, CHINA<br>30 SEP, 2007<br>Signed for the Carrier<br>CHANGSHU HOTHEART INTERNATIONAL SHIPPING AGENCY CO LTD<br>GENERAL MANAGER<br>AS AGENT FOR AND ON BEHALF OF CARRIER<br>AS AGENTS FOR THE CARRIERS:<br>MESSRS ABCEAN CARRIERS SA | Dated |

*) Applicable only when document used as a Through Bill of Lading

(POC FORM 02) Printed in 1-1988

The following are the conditions and exceptions hereinbefore referred to.

1. **DEFINITION** "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.
2. **JURISDICTION.** All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise as may be mutually agreed between the Carrier and the Merchant.
3. **PARAMOUNT CLAUSE.** This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of Law Relating to Bills of Lading, dated Brussels, 25th August 1924, as enacted in the country of shipment, the corresponding legislation of the flag-state of the ship or the legislation of the country of the Bill of Lading are wholly or partly contrary thereto, this Bill of Lading shall be read as if such stipulation or part thereof, however, remain in full force and effect.
4. **PERIOD OF RESPONSIBILITY.** The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel. The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.
5. **PACKING AND MARKS.** The Merchant shall ensure that the goods are properly and sufficiently packed and clearly marked. Shipment in containers, trailers, transportable tanks, flats, pallets or similar articles of transport used to consolidate goods shall be at Merchant's risk and the Carrier shall not be liable for the cost of repacking. All loss and expenses arising from insufficiency of packing or marks shall be borne by the Merchant.
6. **FREIGHT AND OTHER CHARGES.** (1) Advance freight, together with all other charges, is due on shipment. If not otherwise stipulated, the freight and other charges shall be paid by the Merchant to the Carrier upon signing of the notice of notification for their payment.
   If the cargo shipped is perishable, and the said goods have been sold prior to the arrival of the vessel at the port of discharge, the freight for such cargo and all related charges shall be paid at the time of shipment.
   Freight payable at destination together with other charges is due on vessel's arrival. Advance freight and/or freight payable at destination shall be paid to the Carrier in full and non-returnable and non-deductible irrespective of whatsoever loss or damage may happen to vessel and cargo or either of them.
   (2) All dues, taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.
7. **INCORRECT STATEMENTS.** The Carrier is entitled, at port of shipment and/or port of destination, to verify the quantity, weight, measurement and contents of such goods as declared by the Merchant. If the weight, measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually loaded, and the freight paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that stipulated.
   The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracy in stating the description, quantity, weight, measurement or contents of the goods and shall indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.
8. **LOADING, DISCHARGING AND DELIVERY.** The goods shall be supplied and taken delivery of by the Owner of the goods as fast as the vessel can load and discharge them without interruption by day and by night (including Sundays and holidays) notwithstanding any custom of the port to the contrary, and the Owner of the goods shall be liable for all losses or damage (including demurrage) incurred in default thereof.
   Discharge may commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are no consignees, the Carrier shall be at liberty to land such goods on shore or any other proper places at the sole risk and expense of the Merchant, and the Carrier's responsibility of delivery of cargo shall be deemed to have been fulfilled.
   Weighing on board is only allowed by special permission of the Carrier. Including detention and extra costs of discharging shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
   If the goods are unclaimed during a reasonable time, or whenever the goods will become deteriorated, decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility by attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.
9. **LIGHTERAGE.** Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.
10. **LIEN.** The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions to whomsoever due, and for the cost of recovering the same, and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods, the proceeds fail to cover the amount due and the costs and expenses incurred, the Carrier shall be entitled to recover the deficit from the Merchant.
11. **NOTICE OF LOSS OR DAMAGE, TIME BAR.** Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading.
    If the loss or damage is not apparent the notice must be given within three days of the delivery.
    The notice in writing need not be given if the state of the goods has, at the time of their receipt, been the subject of joint survey or inspection.
    In any event the Carrier and the vessel shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.
    In the case of any actual or apprehended loss or damage the Carrier and Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.
12. **LIMITATION OF LIABILITY.** All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost plus freight and insurance premium, if paid. In no event shall the Carrier be liable for any loss of possible profit or any consequential loss.
    The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding £100 per package of freight unit unless the value of the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in the Bill of Lading and extra freight paid if required. If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless be deemed to be the declared value and the Carrier's liability if any shall not exceed the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.
13. **FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT.** If necessary, the Carrier shall be at liberty to carry the goods to their port of destination by the said or other vessel or vessels either belonging to the Carrier or others or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Merchant's risk. The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.
14. **DANGEROUS GOODS, CONTRABAND.** (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable, radio-active, and/or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
    (2) Whenever the goods are discovered to have been shipped without complying with the sub-clause (1) above or the goods are found to be contraband or prohibited by any laws or regulations of the port of loading, discharge or call or any place or waters during the carriage, or in any way are liable to endanger the vessel or cargo, they may at any time be landed or rendered innocuous, thrown overboard or destroyed or otherwise disposed of at the Carrier's discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any loss, damage or expenses howsoever including loss of freight, and any expenses directly or indirectly arising out of or resulting from such shipment.
    (3) If any goods shipped with the knowledge of the Carrier as to their nature and character shall become a danger to the ship or cargo, they may in like manner be landed at any place or thrown overboard or destroyed or disposed of at the Carrier's discretion without compensation except to General Average, if any.
15. **DECK CARGO, LIVE ANIMALS AND PLANTS.** Cargo on deck, plants and live animals are received, handled, kept and discharged at Merchant's risk and the Carrier shall not be liable for loss of or damage thereto.
16. **CARGO IN CONTAINERS.** (1) Goods may be stowed by the Carrier or his agents or servants in containers whether stowed as aforesaid or received fully stowed may be carried on or under deck without notice. The Carrier's liability for such cargo shall be governed by the terms and conditions of this Bill of Lading notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average. (2) If a container has not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for or in respect of any loss of or damage to the contents and the Merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense incurred or suffered by the Carrier if such injury, loss, damage, liability or expense has been caused by:
    (i) the manner in which the container has been filled, packed, stuffed or loaded or
    (ii) the unsuitability of the contents for carriage in container or
    (iii) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.
    If a container has not been filled, packed, stuffed or loaded by the Carrier, is delivered by the Carrier with the seal intact, such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container. The Shipper shall be liable for any loss or damage caused by the shipping and the use of the container shall be prima facie evidence of his having found it suitable for use.
17. **REFRIGERATED CARGO.** Before loading goods in any insulated space, the carrier shall be entitled to demand and obtain the certificate of the Classification Society's Surveyor or other competent person, stating that such insulated space and refrigerating machinery are in sound condition, and of the surveyor other competent person identified as fit and safe for the carriage and stowage of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.
    Receivers or Consignees for delivery of refrigerated cargo as soon as the vessel is ready to deliver, and failure to do so, the Carrier shall land the goods at the wharf at the Merchant's risk and expense.
18. **TIMBER.** Any statement in this Bill of Lading to the effect that timber has been shipped in apparent good order and condition does not involve any admission by the Carrier as to the absence of bends or shakes, splits holes or broken pieces for which the Carrier accepts no responsibility.
19. **IRON AND STEEL.** Every piece of iron and Steel is to be distinctly and permanently marked by cutting, painting or by metal tagged, by the Merchant, so that each piece or bundle can be easily identified at port of discharge. If the Merchant fails to meet the aforesaid requirements, he alone shall be responsible for correct delivery and not liable for expenses arising there from.
20. **BULK CARGO AND MORE THAN ONE CONSIGNEE.** (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, any reference to such weight in the Bill of Lading or other shipping documents is to be for reference only, but shall constitute in no way evidence against the Carrier.
    (2) If a parcel of goods without similar marks or cargo with the same marks are shipped by more than one shipper. The Consignees or Owners of the goods shall jointly and severally share the expense or loss in dividing the goods or parcels into parcels quantities and shall have no claim whatsoever upon them in such proportion as the Carriers, his servants or agents may decide.
21. **HEAVY LIFTS AND AWKWARD CARGO.** Any one piece or package of cargo weighs over 5,000 kg. or any awkward cargo with a length of 9 meters or upwards must be necessarily addressed and packed with the weight and/or dimensions and/or length by the Shipper and to be loaded and discharged by shore crane or otherwise on the ship's side at sole risk and expense of the Merchant. If any damage, loss or liability to the vessel caused by cranes, hoisting, tackle, or whatsoever or to whomsoever occurs owing to error or mis-statement of weight, measurement or length, the Merchant shall be responsible for such damage, loss or liability.
22. **FUMIGATION.** In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence. No loss shall be presumed against him. And all expenses incurred are for Merchant's account.
23. **OPTION.** The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge at any optional port and the contract of carriage shall then be considered as fulfilled. Any option must be for the total quantity of goods.
24. **GENERAL AVERAGE AND NEW JASON CLAUSE.** (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules, 1974 at any port or place at the Carrier's option.
    (2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Consignees or Owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving ship belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall if required be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.
25. **BOTH TO BLAME COLLISION CLAUSE.** If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the Master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the Owners of the said goods paid or payable by the other or non-carrying vessel or her Owners to the Owners of the said goods and set-off recouped or recovered by the other or non-carrying vessel or her Owners as part of their claim against the carrying ship or Carrier. The foregoing provisions shall also apply where the Owners, operators or those in charge of any ship or ships or objects other than, or in addition to, the colliding ships or objects are at fault in respect of a collision, contact stranding or other accident.
26. **WAR, QUARANTINE, STRIKES, CONGESTION ETC.** Should it appear that war, blockade, acts of princes, quarantine, ice, strikes, congestion and other causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or from discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circumstances shall be borne by the Merchant.

| Shipper<br>CHANGSHU XINGDAO ADVANCED BUILDING-MATERIAL CO. LTD<br>DONGBANG INDUSTRIAL PARK, CHANGSHU JIANGSU, CHINA. | **BILL OF LADING** | B/L No. NO. CHASA06<br>Nationality of Ocean Vessel |
|---|---|---|

Consignee

TO THE ORDER OF CREDIT SUISSE, ZURICH

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) · the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the Shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, Including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

Notify Address
CVACEROS AG BAARERSTRASSE 12 6300 ZUG SWITZERLAND

In witness where of, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

**Original**

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel PADRE V.01 | Port of Loading CHANGSHU PORT, CHINA | | |
| Port of Discharge SAGUNTO PORT, SPAIN | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L<br>THREE |

| Marks & Nos /Container Nos. | Number and kind of packages; description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 9 COILS<br><br>CONTINUOUSLY HOT-DIP ZINC-COATED STEEL COILS<br><br><br><br>ON BOARD<br>3 0 SEP 2007<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FIXTURE NOTE DATED: 03.09.2007 | G.W.: 213.810 MTS<br>N.W.: 212.820 MTS | |
| TOTAL PACKAGES (IN WORDS) | SAY TOTAL NINE COILS ONLY | | |

| Freight and charges | Place of B(s)/L Issue<br>CHANGSHU, CHINA | Dated<br>30 SEP, 2007 |
|---|---|---|

Signed to the Carrier
CHANGSHU HOTHEART INTERNATIONAL SHIPPING AGENCY CO LTD
GENERAL MANAGER
AS AGENT FOR AND ON BEHALF OF CARRIER
AS AGENTS FOR THE CARRIERS:
MESSRS AEGEAN CARRIERS SA

*) Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

The following are the conditions and exceptions here[in] referred to:

1. **DEFINITION** "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.
2. **JURISDICTION** All disputes arising under and in connection with this Bill of Lading shall be settled in the Registrate of the ship or otherwise as mutually agreed between the Carrier and the Merchant.
3. **PARAMOUNT CLAUSE**. This Bill of Lading shall be subject to the Hague Rules contained in the International ~~Endorsed to the order of~~ Relating to Bills of Lading, ~~Productores Siderurgicos~~ corresponding legislation of the ~~Mediterranee SA~~ Lading are wholly or partly contr[act]... ~~CREDIT SUISSE~~ stipulation or part thereof, as it re[ads]...
4. **PERIOD OF RESPONSIBILITY** The responsibility... time when the goods are loaded and... discharged from the vessel.
   The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel howsoever...
5. **PACKING AND MARKS** The Merchant shall... accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters of not less than 5 cm high in such a way as will remain legible until their delivery. All fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.
6. **FREIGHT AND OTHER CHARGES**. Advance freight, together with other charges is due on shipment. If not prepaid ... stipulated the freight and other charges shall be paid by the Merchant plus 5% interest ... from the date of notice thereon for their payment.
   If the cargo shipped are perishables, low cost cargo, live animals, dice cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such... and all related charges shall be paid at the time of shipment.
   Freight payable at destination together with other charges is due on vessel's arrival.
   Advance freight, and/or freight payable at destination shall be paid to the Carrier in full and non-returnable and non-creditable irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
   (2) All dues, taxes and charges of any other expenses in connection with the goods shall be paid by the Merchant.
7. **INCORRECT STATEMENTS**. The Carrier is entitled ... at the port of destination, to verify the quantity, weight, measurement and contents of such goods as declared by the Merchant. If the ... weight, measures and/or contents of such goods actually loaded, and the freight paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages for the Carrier double the amount of the difference between the freight for the goods actually shipped and that indicated.
   The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracies in stating the description, quantity, weight, measurement or contents of the goods, and shall indemnify the Carrier for its costs and expenses in connection with weighing, measuring and checking such goods.
8. **LOADING, DISCHARGING AND DELIVERY** The goods shall be supplied and taken delivery of by the Owner of the goods as fast as the vessel can load discharge them Without interruption by day and if required by night, sundays and holidays included notwithstanding any customs of the port to the contrary and the Owner of the goods shall be liable for all losses and damages including demurrage incurred in default thereof.
   Discharge may commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay or if the Receiver refuses to take delivery of the goods, or in case there are unclaimed goods the Carrier shall be at liberty to land such goods on shore or any other proper places at the sole risk and expense of the Merchant, and the Carrier's responsibility of delivery of cargo shall be deemed to have been fulfilled.
   Weighing on board is only allowed by special permission of the Carrier. Including detention and extra costs of discharging shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
   If the goods are unclaimed during a reasonable time, or whenever the goods will become deteriorated, decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.
9. **LIGHTERAGE** Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.
10. **LIEN** The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions for whatsoever cost and for the cost of recovering the same and for this purpose shall have the right to sell or otherwise dispose of the goods. If in case of the goods, the proceeds fail to cover the amount due and the cost and expenses incurred the Carrier shall be entitled to recover the difference from the Merchant.
11. **NOTICE OF LOSS OR DAMAGE TIME BAR**. Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading.
    If the loss or damage is not apparent, the notice must be given within three days of the delivery.
    The notice in writing need not be given if the state of the goods has at the time of their receipt been the subject of joint survey or inspection.
    In any event the Carrier and the vessel shall be discharged from all liability in respect of loss or damage unless suit is brought within one year of the delivery of the goods or the date when the goods should have been delivered.
    In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.
12. **LIMITATION OF LIABILITY**. All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost, plus freight and insurance premium if paid. In no event shall the Carrier be liable for any loss of possible profits or any consequential loss.
    The Carrier for any loss of or damage to the goods shall be liable in an amount not exceeding £100 per package or freight unit unless the value of the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid if required. If the actual value of the goods per package or per freight unit exceeds the declared value, the Carrier's liability, if any, shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.
13. **FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT**
    If necessary, the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or to other person or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination and transship, land and store the goods on shore at afloat and reship at the Carrier's expenses but at Merchant's risk. The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel or vessels under his management.
14. **DANGEROUS GOODS, CONTRABAND**. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable, radioactive, and/or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
    (2) Whenever the goods are discovered to have been shipped without complying with the subclause (1) above or the goods are found to be contraband or prohibited by any...

(continued right column)

...laws or regulations of the port of loading, discharge or call or any place or waters during the carriage... the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or otherwise disposed of at the Carrier's discretion without compensation... and the Merchant shall be liable for and indemnify the Carrier against any ... loss of freight, and any expenses directly or indirectly arising ... resulting from such shipment.
...(3) ...if such goods shipped with the sub-clause (1) above become a danger to the ship or cargo, may in like manner be rendered innocuous, thrown overboard or otherwise disposed of at the Carrier's discretion without compensation except in the case of General Average, if any.

15. **DECK CARGO, LIVE ANIMALS AND PLANTS** Cargo on deck, plants and live animals shall be received, kept and discharged at Merchant's risk and the Carrier shall not be liable for any loss or damage thereto.
16. **CARGO IN CONTAINERS** (1) Goods may be stowed by the Carrier or his agent's servants in containers and containers whether stowed as aforesaid or received fully stowed by ... shipped on or under deck without notice. The Carrier's liability for such stowed cargo shall be governed by the terms and conditions of this Bill of Lading, carriage and freight ... notwithstanding the fact that the goods are being carried on deck and ... shall contribute to General Average and shall receive compensation in General Average (2) If a container has not been filled, packed, stuffed or loaded by the Carrier and the Carrier shall not be liable for loss of or damage to the goods and the Merchant shall indemnify the Carrier against any injury, loss, damage, expenses and loss sustained by the Carrier if such injury, loss, damage, liability or expense has been caused by
    (a) the manner in which the container has been filled, packed, stuffed or loaded or
    (b) the unsuitability of the contents for carriage in containers, or
    (c) the unsuitability or defective condition of the container which would have been apparent on reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.
    If a container has not been filled, packed, stuffed or loaded by the Carrier is delivered with the seal intact, such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be responsible for any loss or damage to the contents of the container. The Shipper shall hold the Carrier harmless for any damage to the contents of the container. The use of the containers shall be prima facie ... and that stowing them and the use of the containers shall be suitable for use.
17. **REFRIGERATED GOODS** Before loading goods in any insulated space, the carrier shall, in addition to a suitable Certificate obtain the certificate of the Classification Society... in order stating that such insulated space and refrigerating Surveyor or in their absence from a competent person 14 and safe for machinery, and/or the carriage of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.
    Receivers must take over refrigerated cargo as soon as the vessel is ready to deliver. Otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.
18. **TIMBER**. Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the Carrier as to the absence of knots, shakes, splits, holes or broken pieces, for which the Carrier accepts no responsibility.
19. **IRON AND STEEL**. Every piece of iron and steel is to be distinctly and permanently marked with its gross and every bundle securely fastened, distinctly and permanently marked with its gross and nett weight tagged by the Merchants, so that each piece or bundle can be identified at port of discharge. If the Merchant fails to meet the aforesaid requirement, the Carrier shall not be responsible for correct delivery nor liable for expenses arising therefrom.
20. **BULK CARGO, GOODS TO MORE THAN ONE CONSIGNEE**. (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, any reference to such weight in this Bill of Lading shall be deemed to be for reference only. But shall constitute in no way evidence against the Carrier.
    (2) When any quantities of goods without marks or cargo with the same marks are to be shipped to more than one Consignee. The Consignees or Owners of the goods shall jointly and severally bear all costs and expenses of or in dividing the goods or parcels into prorata quantities and any losses arising therefrom in such proportion as the Carrier its servants or agents may determine.
21. **HEAVY AND/OR AWKWARD CARGO** Any one piece or package of cargo weighing 2 tons and upward, and any awkward cargo with a length of 9 meters or upwards must be clearly and distinctly marked with the weight and/or dimensions, and/or length by the Shippers. It shall be loaded and discharged by shore crane or otherwise at the ship's risk and liability in any event, the cost of which shall be for account and expense of the Merchant. If any damage, loss or liability to the agents of the Carrier and expense of the Merchant. If any damage, loss or liability to the ship or cargo or any cranes, hoisting tackle, or whatsoever to whomsoever occurs arises from ... or mis-statement of weight, measurement or length, the ... be responsible for such damage, loss or liability.
22. **FUMIGATION OF CARGO**. In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's fault, and it shall be presumed against him And all expenses incurred are for Merchant's account.
23. **OPTION** The port of discharge for optional goods must be declared to the vessel's agent at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect ... to discharge at any optional port and the contract of carriage shall then be fulfilled. Any option must be for the total quantity of goods under Bill of Lading.
24. **GENERAL AVERAGE AND NEW JASON CLAUSE**. (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules, 1974, at any port or place at the Carrier's option.
    (2) ... In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever whether due to negligence or not, for which, or for the consequence of which the Consignees or Owners of the goods shall contribute with the Carrier in General Average in the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall if required be made by the goods Shippers, Consignees or owners of the goods to the Carrier before delivery.
25. **BOTH TO BLAME COLLISION CLAUSE**. If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and act neglect or default of the master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the ship, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the said goods paid or payable by the other or non-carrying vessel or her Owners to the owners of the said goods and set-off, recouped or recovered by the other or non-carrying vessel or her Owners as part of their claim against the carrying ship or Carrier. The foregoing provisions shall also apply where the Owners operators or those in charge of any vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision, contract stranding or other accident.
26. **WAR, QUARANTINE, STRIKES, CONGESTION ETC** Should it appear that war, blockade, revolution, disorders, quarantine, ice, strikes, congestion and other causes beyond the Carrier's control should prevent the vessel from safely reaching the port of destination and/or ... goods thereat, the Carrier is entitled to discharge the goods at the port of loading or at any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circumstances shall be borne by the Merchant.

|  |  |
|---|---|
| CODE NAME "CONGENBILL" EDITION 1994 | BILL OF LADING  PAGE 2  B/L NO. CHASA09 |
| TO BE USED WITH CHARTER-PARTIES | |

**Shipper**
HANGZHOU LONGTAI MATERIALS INDUSTRY HOLDING CO., LTD

**Consignee**
PRODUCCIONES SIDERURGICAS DEL MEDITERRANEO, S.A.

**Notify address**
CASOCOBOS, S.A.
AVDA.9 DE OCTUBRE,106.46520 PUERTO SAGUNTO, VALENCIA, TFN 96 267 21 58  FAX 96 267 95 62

**Vessel**
PADRE V. 01

**Port of loading**
CHANGSHU, CHINA

**Port of discharge**
SAGUNTO, SPAIN

[ORIGINAL]

**Shipper's description of goods**
**Gross Weight**

PRIME HOT DIPPED GALVANISED STEEL SHEET IN COIL

MASTEEL,
CHINA,
GRADE,
SIZE,
WIDTH,
COIL NO.,
GROSS COIL WEIGHT,
NET COIL WEIGHT,
LENGTH OF THE COIL,
SAGUNTO
(BLUE COLOUR)

GROSS WEIGHT: 1027.96MT
NET WEIGHT: 1024.96MT
100 COILS

[ON BOARD]
2 5 SEP 2007

CLEAN ON BOARD
FREIGHT PAYABLE AS PER CHARTER-PARTY DATED 03.09.2007

SAY: TOTAL ONE HUNDRED COILS ONLY
(of which on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

| Freight payable as per CHARTER-PARTY dated  FREIGHT ADVANCE. Received on account of freight:  Time used for loading.........................days............hours. | **SHIPPED** at the port of loading in apparent good order and condition on board the vessel for carriage to the port of Discharge of so near thereto as she may safely get the goods specified above.  Weight, measure, quality, quantity, condition, contents, and value unknown.  IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the other shall be void.  FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
|---|---|
| Freight payable at | Place and date of issue  CHANGSHU, CHINA    25 SEP 2007 |
| Number of original Bs/L  THREE | Signature  常熟宏海国际船舶代理有限公司  CHANGSHU HOTHEART INTERNATIONAL SHIPPING AGENCY CO., LTD  GENERAL MANAGER  AS AGENT FOR AND ON BEHALF OF CARRIER  AS AGENTS FOR THE CARRIERS MESSRS AEGEAN CARRIERS SA |

**BILL OF LADING**

Page 1

TO BE USED WITH CHARTER-PARTIES
CODE NAME: "CONGENBILL."
EDITION 1994
ADOPTED BY
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)

Conditions of Carriage

(1) All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated.

(2) General Paramount Clause.
  (a) The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment, shall apply to this Bill of Lading. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactments are compulsorily applicable, the terms of the said Convention shall apply.

  (b) *Trades where Hague-Visby Rules apply.*
  In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968 - the Hague-Visby Rules - apply compulsorily, the provisions of the respective legislation shall apply to this Bill of Lading.

  (c) The Carrier shall in no case be responsible for loss of or damage to the cargo, howsoever arising prior to loading into and after discharge from the Vessel or while the cargo is in the charge of another Carrier, nor in respect of deck cargo or live animals.

(3) General Average.
General Average shall be adjusted, stated and settled according to York-Antwerp Rules 1994, or any subsequent modification thereof, in London unless another place is agreed in the Charter Party.
Cargo's contribution to General Average shall be paid to the Carrier even when such average is the result of a fault, neglect or error of the Master, Pilot or Crew. The Charterers, Shippers and Consignees expressly renounce the Belgian Commercial Code, Part II, Art. 148.

(4) New Jason Clause.
In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Carrier is not responsible, by statute, contract or otherwise, the cargo, shippers, consignees or the owners of the cargo shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the cargo. If a salving vessel is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving vessel or vessels belonged to strangers. Such deposit as the Carrier, or his agents, may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the cargo, shippers, consignees or owners of the goods to the Carrier before delivery.

(5) Both-to-Blame Collision Clause.
If the Vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the Master, Mariner, Pilot or the servants of the Carrier in the navigation or in the management of the Vessel, the owners of the cargo carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the owners of said cargo, paid or payable by the other or non-carrying vessel or her owners to the owners of said cargo and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying Vessel or the Carrier.
The foregoing provisions shall also apply where the owners, operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision or contact.

For particulars of cargo, freight,
Destination, etc., see overleaf



Ctra. Nacional 340, Km 939
46510 QUARTELL (VALENCIA)
Tel 962 602 500   Fax 962 601 188   962 602 677
www.prosidmed.com

CODE NAME "CONGENBILL" EDITION 1994

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES

PAGE 2
B/L NO. CHASA10

**Shipper**
HANGZHOU LONGTAI MATERIALS INDUSTRY HOLDING CO.,LTD

**Consignee**
PRODUCCIONES SIDERURGICAS DEL MEDITTERRANEO S.A.

**Notify address**
CASOCOBOS,S.A.
AVIDA,9 DE OCTUBRE,106,46520 PUERTO
SAGUNTO,VALENCIA TEFN 96 267 21 58  FAX 96 267 95 62

**Vessel**
PADRE V.01

**port of loading**
CHANGSHU, CHINA

**port of discharge**
SAGUNTO,SPAIN

ORIGINAL

Gross Weight

**Shipper's description of goods**

PRIME HOT DIPPED GALVANISED STEEL SHEET IN COIL

MASTEEL,
CHINA,
GRADE,
SIZE,
WIDTH,
COIL NO.,
GROSS COIL WEIGHT,
NET COIL WEIGHT,
LENGTH OF THE COIL,
SAGUNTO

GROSS WEIGHT: 1949.63MT
NET WEIGHT: 1944.41MT
174COILS

ON BOARD
26 SEP 2007

CLEAN ON BOARD
FREIGHT PREPAID AS PER CHARTER-PARTY  DATED 03.09.2007

SAY: TOTAL ONE HUNDRED AND SEVENTY FOUR COILS ONLY

(of which ............................... on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per CHARTER-PARTY dated

FREIGHT ADVANCE.
Received on account of freight:

Time used for loading..........................days..............hours.

**SHIPPED** at the port of loading in apparent good order and condition on board the vessel for carriage to the port of Discharge of so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents, and value unknown
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the other shall be void.
FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

**Freight payable at**

**Place and date of issue**
CHANGSHU, CHINA    26 SEP 2007

**Number of original Bs/L**
THREE

**Signature**
常熟宏海国际船舶代理有限公司
CHANGSHU HOTHEART INT'L SHIPPING AGENCY CO LTD
GENERAL MANAGER
AS AGENT FOR AND ON BEHALF OF CARRIER
AS AGENTS FOR THE CARRIERS MESSRS AEGEAN CARRIERS SA

Page 1

**BILL OF LADING**

TO BE USED WITH CHARTER-PARTIES
CODE NAME: "CONGENBILL"
EDITION 1994
ADOPTED BY
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)

### Conditions of Carriage

(1) All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated.

(2) General Paramount Clause.
   (a) The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment, shall apply to this Bill of Lading. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactments are compulsorily applicable, the terms of the said Convention shall apply.

   (b) *Trades where Hague-Visby Rules apply.*
   In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968 - the Hague-Visby Rules - apply compulsorily, the provisions of the respective legislation shall apply to this Bill of Lading.

   (c) The Carrier shall in no case be responsible for loss of or damage to the cargo, howsoever arising prior to loading into and after discharge from the Vessel or while the cargo is in the charge of another Carrier, nor in respect of deck cargo or live animals.

(3) General Average.
General Average shall be adjusted, stated and settled according to York-Antwerp Rules 1994, or any subsequent modification thereof, in London unless another place is agreed in the Charter Party.
Cargo's contribution to General Average shall be paid to the Carrier even when such average is the result of a fault, neglect or error of the Master, Pilot or Crew. The Charterers, Shippers and Consignees expressly renounce the Belgian Commercial Code, Part II, Art. 148.

(4) New Jason Clause.
In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Carrier is not responsible, by statute, contract or otherwise, the cargo, shippers, consignees or the owners of the cargo shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the cargo. If a salving vessel is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving vessel or vessels belonged to strangers. Such deposit as the Carrier, or his agents, may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the cargo, shippers, consignees or owners of the goods to the Carrier before delivery.

(5) Both-to-Blame Collision Clause.
If the Vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the Master, Mariner, Pilot or the servants of the Carrier in the navigation or in the management of the Vessel, the owners of the cargo carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the owners of said cargo, paid or payable by the other or non-carrying vessel or her owners to the owners of said cargo and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying Vessel or the Carrier.
The foregoing provisions shall also apply where the owners, operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision or contact.

For particulars of cargo, freight,
Destination, etc., see overleaf



Ctra. Nacional 340 Km ...
46510 QUARTELL (VALENCIA)
Tel 962 602 500  Fax 962 601 188
www.prosidmed.com

CODE NAME "CONGENBILL" EDITION 1994

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES

PAGE 2
B/L NO. CHASA11

**Shipper**
HANGZHOU LONGTAI MATERIALS INDUSTRY HOLDING CO., LTD

**Consignee**
HIESCOSA CL RAMON Y CAJAL 25, 28914
LEGANE, MADRID

**Notify address**
CASOCOBOS, S.A.
AVDA. 9 DE OCTUBRE, 106, 46520 PUERTO
SAGUNTO, VALENCIA, TFN 96 267 21 58   FAX 96 267 95 62

**Vessel**
PADRE V.01

**Port of loading**
CHANGSHU, CHINA

**Port of discharge**
SAGUNTO, SPAIN

ORIGINAL

**Shipper's description of goods**

PRIME HOT DIPPED GALVANISED STEEL SHEET IN COIL

MASTEEL,
CHINA,
GRADE,
SIZE,
WIDTH,
COIL NO.,
GROSS COIL WEIGHT,
NET COIL WEIGHT,
LENGTH OF THE COIL,
SAGUNTO
(RED COLOUR)

GROSS WEIGHT: 650.18MT
NET WEIGHT: 648.53MT
55 COILS

ON BOARD
2 6 SEP 2007

CLEAN ON BOARD
FREIGHT PAYABLE AS PER CHARTER-PARTY DATED 03.09.2007
SAY: TOTAL FIFTY FIVE COILS ONLY

(of which ................ on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated

FREIGHT ADVANCE.
Received on account of freight:

Time used for loading..............days.............hours.

**SHIPPED** at the port of loading in apparent good order and condition on board the vessel for carriage to the port of Discharge of so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents, and value unknown
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the other shall be void.
FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

**Freight payable at**

**Place and date of Issue**
CHANGSHU, CHINA    26 SEP 2007

**Number of original Bs/L**
THREE

**Signature**
常熟宏海国际船舶代理有限公司
CHANGSHU HONGHAI INTERNATIONAL SHIPPING AGENCY CO LTD

AS AGENT FOR AND ON BEHALF OF CARRIER
AS AGENTS FOR THE CARRIERS MESSRS AEGEAN CARRIERS SA

Page 1

**BILL OF LADING**

TO BE USED WITH CHARTER-PARTIES
CODE NAME: "CONGENBILL"
EDITION 1994
ADOPTED BY
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)

**Conditions of Carriage**

(1) All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated.

(2) **General Paramount Clause.**
(a) The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment, shall apply to this Bill of Lading. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactments are compulsorily applicable, the terms of the said Convention shall apply.

(b) *Trades where Hague-Visby Rules apply.*
In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968 - the Hague-Visby Rules - apply compulsorily, the provisions of the respective legislation shall apply to this Bill of Lading.

(c) The Carrier shall in no case be responsible for loss of or damage to the cargo, howsoever arising prior to loading into and after discharge from the Vessel or while the cargo is in the charge of another Carrier, nor in respect of deck cargo or live animals.

(3) **General Average.**
General Average shall be adjusted, stated and settled according to York-Antwerp Rules 1994, or any subsequent modification thereof, in London unless another place is agreed in the Charter Party.
Cargo's contribution to General Average shall be paid to the Carrier even when such average is the result of a fault, neglect or error of the Master, Pilot or Crew. The Charterers, Shippers and Consignees expressly renounce the Belgian Commercial Code, Part II, Art. 148.

(4) **New Jason Clause.**
In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Carrier is not responsible, by statute, contract or otherwise, the cargo, shippers, consignees or the owners of the cargo shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the cargo. If a salving vessel is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving vessel or vessels belonged to strangers. Such deposit as the Carrier, or his agents, may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the cargo, shippers, consignees or owners of the goods to the Carrier before delivery.

(5) **Both-to-Blame Collision Clause.**
If the Vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the Master, Mariner, Pilot or the servants of the Carrier in the navigation or in the management of the Vessel, the owners of the cargo carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the owners of said cargo, paid or payable by the other or non-carrying vessel or her owners to the owners of said cargo and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying Vessel or the Carrier.
The foregoing provisions shall also apply where the owners, operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision or contact.

For particulars of cargo, freight,
Destination, etc., see overleaf

