**EXHIBIT D**

Shipper
XING TAI JITAI SPECIAL SHAPED STEEL WORKS

# BILL OF LADING

B/L No. PT-01

Nationality of Ocean Vessel

Consignee
TO ORDER

CARRIER: MESSRS AEGEAN CARRIERS SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, Marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Notify Address
SIDERURGICA ASTICO S.P.A. VIA ASTICO, 44-36030 FARA VICENTINO (VI) TEL: 0039-0445-869500
FAX: 0039-0445-869569 C.F.E P.IVA IT 02931940247

**Original**

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG PORT, CHINA | | |
| Port of Discharge: LA SPEZIA PORT, ITALY | Final destination (if goods to be transshipped at port of discharge) | Freight payable at | Number of original B(s)/L: THREE(3) |

| Marks & Nos./Container Nos | Number and Kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| ITER0749<br>SIDERURGICA ASTICO S.P.A. | 10 BUNDLES<br><br>PRIME HIGH TENSILE EQUAL ANGLES<br><br>AGENTS IN LA SPEZIA AS FOLLOWS:<br>GIORDO SRL<br>FILIALE DELLA SPEZIA, VIALE ITALIA 121 19124 LA SPEZIA, ITALY<br>TEL: 0039 0187 021066<br>FAX: 0039 0187 738185<br><br>CLEAN ON BOARD<br><br>FREIGHT PREPAID<br><br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 20.09.2007 | 25.211 MT | |

TOTAL PACKAGES (IN WORDS): TOTAL: TEN BUNDLES ONLY.

Freight and charges

Place of B(s)/L Issue: TIANJIN

Date

Signed for the Carrier

AS AGENTS BY AND ON BEHALF OF CARRIERS:
MESSRS AEGEAN CARRIERS SA

# BILL OF LADING

| | |
|---|---|
| B/L No. | PT-02 |
| Nationality of Ocean Vessel | |

Shipper:
XINGTAI JITAI SPECIAL SHAPED STEEL WORKS NO. 668 EAST XINXING RD., XINGTAI CITY HEBEI 054001 CHINA CN

Consignee
TO ORDER

CARRIER: MESSRS AEGEAN CARRIERS SA

Notify Address
G. BAGLIETTO SAS VIA CASTELGAZZO 11 NOVI LIGURE(AL).

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, Marks, numbers, quality, contents and value being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all pinted, written or Stamped provisions, exceptions and conditions of this Bill of Lading, includig those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG TIANJIN | | |
| Port of Discharge: LA SPEZIA PORT ITALY | Final destination (If goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L: THREE(3) |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| | 499 BUNDLES | 1118.103 MT | |
| ITER0716 | BULBFLATS FOR SHIPBUILDING | | |
| | AGENTS IN LA SPEZIA AS FOLLOWS:<br>GIORDO SRL<br>FILIALE DELLA SPEZIA, VIALE ITALIA 121 19124 LA SPEZIA, ITALY<br>TEL: 0039 0187 021066<br>FAX: 0039 0187 738185 | | |
| | CLEAN ON BOARD | | |
| | FREIGHT PREPAID | | |
| | FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 20.09.2007 | | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: FOUR HUNDRED AND NINETY NINE BUNDLES ONLY | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN
Dated: 3 0 SEP [illegible]

Signed for the Carrier
AS AGENTS BY AND ON BEHALF OF CARRIERS: MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

[illegible]

Shipper
ZHEJIANG ZEEN HOLDING CO.,LTD.

# BILL OF LADING

B/L No. PT-03

Nationality of Ocean Vessel

CARRIER: MESSRS AEGEAN CARRIERS SA

Consignee
TO ORDER

Notify Address
KNAUF INTERNI DI BALDWIN KNAUF SAS
LOC. PODERE PARADISO 56040 CASTELLINA
MARITTIMA PI ITALY

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG,TIANJIN,CHINA | | |
| Port of Discharge: LA SPEZIA PORT,ITALY | Final destination (If goods to be transhipped at port of discharge) | Freight payable at: TIANJIN | Number of original B (s)/L: THREE |

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK:RED | 85 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 990.051 MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: EIGHTY FIVE COILS ONLY. | | |

Particulars Furnished by Merchants

Freight and charges

Place of B (s)/L issue: TIANJIN Dated: 06 OCT 2007

Signed for the Carrier
Signed by :
Tianjin Portrans International Shipping Agency Co., Ltd.
AS AGENT FOR THE CARRIER:
MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(TUSA FORM 01) Printed in 1-1997

# BILL OF LADING

B/L No. PT-05

Nationality of Ocean Vessel

Shipper
LONG YANG INTERTRADING LTD
6/F, FLAT E, COMFORT CENTRE
108 OLD MAIN STREET
ABERDEEN HONG KONG

Consignee
TO THE ORDER

CARRIERS MESSRS AEGEAN CARRIERS SA

Notify Address
MULTI TRADING SERVICES SRL
VIA OREFICI 2/1
17100 SAVONA (SV)
ITALY

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, Marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the Insurance upon their goods.

Pre-carriage by

* Place of Receipt by Pre-carrier

Ocean Vessel: M/V PADRE

Port of Loading: TIANJIN PORT IN CHINA

Original

Port of Discharge: LA SPEZIA PORT – ITALY

* Final destination (If goods to be transhipped at port of discharge)

Freight payable at

Number of original B(s)/L: THREE

| Marks & Nos./Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | FORGED NORMALIZED ROUGH TURNED BARS<br>TOTAL NO. OF PIECES: 113<br><br>ON BOARD DATE: 03 OCT 2007<br>CLEAN ON BOARD<br>FREIGHT PREPAID | TOTAL ACTUAL NET WEIGHT<br>430.240 MT | |
| TOTAL PACKAGES (IN WORDS) | SAY ONE HUNDRED AND THIRTEEN PIECES ONLY. | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN PORT IN CHINA

Dated: 03 OCT 2007

Signed for the Carrier

AS AGENTS FOR AND ON BEHALF OF CARRIERS MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

Shipper
TAIAN KENUO PROFILE STEEL CO., LTD SHANKOU, TAIAN CITY. SHANDONG 271038, CHINA

# BILL OF LADING

B/L No. PT-06

Nationality of Ocean Vessel

Consignee
TO THE ORDER OF SICAM SPA VIA MARZIANA 21 27020 PARONA

CARRIERS MESSRS AEGEAN CARRIERS SA

Notify Address
SICAM SPA VIA MARZIANA 21 27020 PARONA PV PHONE 0039 03842021 TELEFAX 0039 038498159

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, Marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

| Pre-carriage by | Place of Receipt by Pre-carrier | |
|---|---|---|
| Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG, CHINA | Original |

| Port of Discharge | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L |
|---|---|---|---|
| LA SPEZIA PORT ITALY | | | 3/THREE |

| Marks & Nos./Container Nos. | Number and kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| CE 1015<br>SHANGANG BRAND<br>S355J2H<br>EN10219.1-2<br>SIZE X WT<br>CAST NUMBER<br>SICAM SPA<br>SGITD07030A<br>BUNDLE WEIGHT IN KGS<br>NUMBER OF TUBES | 678 BUNDLES<br>SQUARE AND RECTANGULAR STEEL HOLLOW SECTIONS ACCORDING TO EN 10219-2/2006. STEEL QUALITY S355J2H ACCORDING TO EN 10219-1/2006, CERTIFICATION TO EN 10204-3.1, SIZES, PRICES, QUANTITY PER ITEM AND TECHNICAL REQUIREMENTS AS PER CONTRACT NO. SGITD07030A<br>L/C NO.: CR076/179948<br><br>DELIVERY TERMS CFR FIOS LA SPEZIA PORT<br><br>CLEAN ON BOARD 30 SEP 2007<br>FREIGHT PREPAID | 1400.770 MT | 980 CBM |
| TOTAL PACKAGES (IN WORDS) | SAY SIX HUNDRED AND SEVENTY EIGHT BUNDLES ONLY | | |

Particulars Furnished by Merchants

Freight and charges

Place of B(s)/L issue: TIANJIN  Dated: 30 SEP 2007

Signed for the Carrier
Pacific Portrans International Shipping Agency Co., Ltd.
AS AGENTS FOR AND ON BEHALF OF CARRIERS MESSRS AEGEAN CARRIERS SA
(S)

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

Shipper

ZHEJIANG ZEEN HOLDING CO., LTD.

# BILL OF LADING

B/L No. PT-08A

Nationality of Ocean Vessel

CARRIER : MESSRS AEGEAN CARRIERS SA

Consignee

TO ORDER

Notify Address

TECNOFIT S.R.L VIA MASSA AVENZA, 85/8
54100 MASSA-MS ITALY

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, Marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all pinted, written or Stamped provisions, exceptions and conditions of this Bill of Lading, Includig those On the back hereof.One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Pre-carriage by | * Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG, TIANJIN, CHINA | | |
| Port of Discharge: LA SPEZIA ITALY | * Final destination(If goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L: THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages.description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK : YELLOW | 10 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 116.874MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: TEN COILS ONLY | | |

Freight and charges

Place of B(s)/L issue Dated: HONG KONG, 06 OCT 2007

Signed for the Carrier AS AGENT FOR THE CARRIER:
MESSRS AEGEAN CARRIERS SA

*For and on behalf of*
YONG HE SHIPPING (HK) LIMITED
永和船務(香港)有限公司

*As Agent*

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

# BILL OF LADING

B/L No. PT-08B

Nationality of Ocean Vessel

Shipper

ZHEJIANG ZEEN HOLDING CO., LTD.

CARRIER : MESSRS AEGEAN CARRIERS SA

Consignee

TO ORDER

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, Marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof.One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Notify Address

TECNOFIT S.R.L VIA MASSA AVENZA, 85/8
54100 MASSA-MS ITALY

Pre-carriage by

• Place of Receipt by Pre-carrier

Ocean Vessel: PADRE V.5

Port of Loading: XINGANG, TIANJIN, CHINA

Original

Port of Discharge: LA SPEZIA ITALY

• Final destination(If goods to be transhipped at port of discharge)

Freight payable at

Number of original B(s)/L: THREE

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages,description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK : YELLOW | 19 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 214.395MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL : NINETEEN COILS ONLY | | |

Freight and charges

Place of B(s)/L issue / Dated

HONG KONG, 06 OCT 2007

Signed for the Carrier

AS AGENT FOR THE CARRIER:
MESSRS AEGEAN CARRIERS SA

*For and on behalf of*
YONG HE SHIPPING (HK) LIMITED
永和船務(香港)有限公司

*As Agent*

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

29-OCT-2007 15:11

P.05

Shipper

ZHEJIANG ZEEN HOLDING CO., LTD.

# BILL OF LADING

B/L No. PT-08C

Nationality of Ocean Vessel

Consignee

TO ORDER

CARRIER : MESSRS AEGEAN CARRIERS SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and lie always afloat.

The weight, measure, Marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Notify Address

T.D.A. SRL
VIA DORSALE 13
54100 MASSA MS ITALY

Pre-carriage by | Place of Receipt by Pre-carrier

Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG, TIANJIN, CHINA

**Original**

Port of Discharge: LA SPEZIA ITALY | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L: THREE

| Marks & Nos./Container Nos. | Number and Kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK : YELLOW | 9 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 98.897MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL : NINE COILS ONLY | | |

Particulars Furnished by Merchants

Freight and charges

Place of B(s)/L Issue: HONG KONG, Dated: 06 OCT 2007

Signed for the Carrier: AS AGENT FOR THE CARRIER: MESSRS AEGEAN CARRIERS SA

For and on behalf of
YONG HE SHIPPING (HK) LIMITED
永和船務(香港)有限公司

[signature]

As Agent

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

Shipper

ZHEJIANG ZEEN HOLDING CO.,LTD.

# BILL OF LADING

B/L No. PT-09

Name ality of Coast Vessel

Consignee

TO ORDER

CARRIER: MESSRS AEGEAN CARRIERS SA

Notify Address

ICL SPA VIA DELLE CHIUSE, 9 10057 SANT' AMBROGIO (TO) ITALY

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified hereinafter to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| | |
|---|---|
| Pre-carriage by | * Place of Receipt by Pre-carrier |
| Ocean Vessel PADRE V.5 | Port of Loading XINGANG,TIANJIN,CHINA |
| Port of discharge LA SPEZIA ITALY | * Final Destination (if goods to be transhipped at port of discharge) |

Freight payable at: TIANJIN

Number of original B(s)/L: THREE

Particulars Furnished by Merchants

| Marks & Nos /Container Nos. | Number and kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK:GREEN | 9 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 100.879 MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: NINE COILS ONLY. | | |

Freight and charges

Place of B(s)/L issue: TIANJIN Dated

Signed for the Carrier

AS AGENT FOR THE CARRIER: MESSRS AEGEAN CARRIERS SA

* Applicable only when document used as a Through Bill of Lading

ITUSA FORM 01] Printed in 1-1997

Shipper

ZHEJIANG ZEEN HOLDING CO.,LTD.

# BILL OF LADING

B/L No. PT-10

Nationality of Ocean Vessel

CARRIER: MESSRS AEGEAN CARRIERS SA

Consignee

TO ORDER

Notify Address

NUOVASIDER SRL VIA MASIERES, 11-Z.I.
33080 SAN QUIRINO (PN) ITALY.

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Pre-carriage by | Place of Receipt by Pre-carrier

Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG,TIANJIN,CHINA

Original

Port of Discharge: LA SPEZIA ITALY | Final destination (if goods to be transhipped at port of discharge) | Freight payable at: TIANJIN | Number of original B (s)/L: THREE

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| | 6 COILS — HOT DIPPED GALVANIZED STEEL SHEET IN COILS | 68.660 MT | |
| COLOR MARK:PURPLE | CLEAN ON BOARD | | |
| | FREIGHT PREPAID | | |

Above Particulars Furnished by Merchants

TOTAL PACKAGES (IN WORDS) TOTAL: SIX COILS ONLY.

Freight and charges

Place of B (s)/L Issue: TIANJIN Dated

Signed for the Carrier
Signed by:
Tianjin Portrans International Shipping Agency
AS AGENT FOR THE CARRIER: MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(TUSA FORM 01) Printed in ... 1997

Shipper

ZHEJIANG ZEEN HOLDING CO.,LTD.

# BILL OF LADING

B/L No PT-11

Nationality of Ocean Vessel

Consignee

TO THE ORDER

CARRIER: MESSRS AEGEAN CARRIERS SA

Notify Address

LM LAMINATI METALLICI S.P.A.
VIA VITTORIO VENETO 15/A , BERNATE TICINO MI

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

Pre-carriage by | * Place of Receipt by Pre-carrier

Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG,TIANJIN,CHINA

Port of Discharge: LA SPEZIA ITALY | * Final destination (of goods to be transhipped at port of discharge) | Freight payable at: TIANJIN | Number of original B(s)/L: THREE

| Marks & Nos. /Container Nos | Number and Kind of packages description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK:RED+BLUE | 27 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 215.534 MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: TWENTY SEVEN COILS ONLY. | | |

Particulars Furnished by Merchants

Freight and charges

Place of B(s)/L issue: TIANJIN    Dated: [illegible]

Signed by the Carrier
[illegible]
AS AGENT FOR THE CARRIER:
MESSRS AEGEAN CARRIERS SA

* Applicable only when document used as a Through Bill of Lading

Shipper
ZHEJIANG ZEEN HOLDING CO.,LTD.

# BILL OF LADING

B/L No. PT-12

Nationality of Ocean Vessel

Consignee
TO ORDER

CARRIER: MESSRS AEGEAN CARRIERS SA

Notify Address
LM LAMINATI METALLICI SPA-VIA VITTORIO VENETO, 15/A 20010 BERNATE TICINO (MI)

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Pre-carriage by | * Place of Receipt by Pre-carrier

Ocean Vessel PADRE V.5 | Port of Loading XINGANG,TIANJIN,CHINA

Original

Port of Discharge LA SPEZIA ITALY | * Final destination of goods to be transhipped at port of discharge | Freight payable at TIANJIN | Number of original B (s)/L THREE

| Marks & Nos. / Container Nos. | Number and kind of packages, description of goods | | Gross weight kgs | Measurement m³ |
|---|---|---|---|---|
| COLOR MARK:RED+BLUE | 26 COILS | HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 211.005 MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: TWENTY SIX COILS ONLY. | | | |

Above particulars furnished by shipper

Freight and charges

Place of B (s)/L Issue: TIANJIN
Dated:

Signed for the Carrier
AS AGENT FOR THE CARRIER: MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

BIMSA FORM 01 (Printed in 1-2003)

# BILL OF LADING

B/L No. PT-13

Nationality of Ocean Vessel

CARRIER: MESSRS AEGEAN CARRIERS SA

Shipper

ZHEJIANG ZEEN HOLDING CO.,LTD.

Consignee

TO ORDER

Notify Address

SIDERURGICA TOCCHET SRL VIA E.FERMI 23/A,
31020 SAN VENDEMIANO (TV) ITALY

Pre-carriage by

* Place of Receipt by Pre-carrier

Ocean Vessel PADRE V.5

Port of Loading XINGANG,TIANJIN,CHINA

Port of Discharge LA SPEZIA, ITALY

* Final destination (if goods to be transhipped at port of discharge)

Freight payable at TIANJIN

Number of original B (s)/L THREE

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Marks & Nos. /Container Nos. | Number and kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK:RED+YELLOW | 3 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br><br>CLEAN ON BOARD<br><br>FREIGHT PREPAID | 34.867 MT | |

Particulars furnished by Merchants

TOTAL PACKAGES (IN WORDS) TOTAL: THREE COILS ONLY.

Freight and charges

Place of B (s)/L issue TIANJIN

Dated [illegible]

Signed for the Carrier

AS AGENT FOR THE CARRIER:
MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

# BILL OF LADING

B/L No. PT-14

Nationality of Ocean Vessel

**Shipper**
ZHEJIANG ZEEN HOLDING CO.,LTD.

**Consignee**
TO ORDER

**Notify Address**
SIDERURGICA EMILIANA SRL VIA DOZZA GIUSEPPE 40069 ZOLA PREDOSA (BO)-IO ITALY.

CARRIER: MESSRS AEGEAN CARRIERS SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

**Original**

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE V.5 | Port of Loading: XINGANG,TIANJIN,CHINA | | |
| Port of Discharge: LA SPEZIA ITALY | Final destination (if goods to be transhipped at port of discharge) | Freight payable at: TIANJIN | Number of original B(s)/L: THREE |

Particulars furnished by Merchants

| Marks & Nos. /Container Nos. | Number and kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK:RED+GREEN | 9 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br><br>CLEAN ON BOARD<br><br>FREIGHT PREPAID | 94.097 MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: NINE COILS ONLY. | | |

Freight and charges

Place of B(s)/L issue: TIANJIN  Dated: 0 6 OCT 2007

Signed for the Carrier
[illegible]
AS AGENT FOR THE CARRIER: MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

SHSA FORM 01 Printed 4-1-2007

# BILL OF LADING

B/L No. PT-15

Nationality of Ocean Vessel

Shipper
ZHEJIANG ZEEN HOLDING CO.,LTD.

CARRIER: MESSRS AEGEAN CARRIERS SA

Consignee
TO ORDER

Notify Address
DIVERSI SPA VIA ADIGE, 53 25081
BEDIZZOLE (BS) ITALY

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Pre-carriage by | * Place of Receipt by Pre-carrier

Ocean Vessel PADRE V.5 | Port of Loading XINGANG,TIANJIN,CHINA

Original

Port of Discharge LA SPEZIA ITALY | * Final destination (if goods to be transhipped at port of discharge) | Freight payable at TIANJIN | Number of original B (s)/L THREE

particulars Furnished by Merchants

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| COLOR MARK:BLUE+YELLOW | 13 COILS HOT DIPPED GALVANIZED STEEL SHEET IN COILS<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 139.450 MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: THIRTEEN COILS ONLY. | | |

Freight and charges

Place of B (s)/L issue: TIANJIN

Dated: [illegible]

Signed for the Carrier
Signed by:
Tianjin Portrans International Shipping AS AGENT FOR THE CARRIER:
MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(SHSA FORM 01)Printed in 1-2003

# BILL OF LADING

B/L No. PT-17

Nationality of Ocean Vessel

Shipper
BAOTOU STEEL INTERNATIONAL
ECONOMIC AND TRADING CO.,LTD.

Consignee
TO THE ORDER OF KAUPTHING SINGER
AND FRIEDLANDER LTD

Notify Address
CARBOFER GENERAL TRADING SA

CARRIER :
AEGEAN CARRIERS SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The Weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the Shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Pre-carriage by | Place of Receipt by Pre-carrier |
|---|---|
| Ocean Vessel: PADRE | Port of Loading: XINGANG,TIANJIN,CHINA |
| Port of Discharge: SAGUNTO,SPAIN | Final destination (if goods to be transhipped at port of discharge) |

Number of original B(s)/L: THREE

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | PRIME QUALITY NEWLY PRODUCED HOT-DIPPED GALVANIZED STEEL COILS 94COILS | N.W.: 1093.[illegible] MT<br>G.W.: [illegible] MT | |
| | CLEAN ON BOARD<br>FREIGHT PREPAID<br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 27 AUG 2007 | | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: NINETY FOUR COILS ONLY | | |

Particulars Furnished by Merchants

Freight and charges

Place of B(s)/L Issue: TIANJIN
Dated: 04 OCT 2007

Signed for the Carrier
Tianjin Portrans International
Shipping Agency Co., Ltd.

AS AGENTS BY AND ON BEHALF
OF CARRIERS MESSRS
AEGEAN CARRIERS SA

CARBOFER GENERAL TRADING SA
Via [illegible]
Switzerland

Applicable only when document used as a Through Bill of Lading

(PGO FORM 02) Printed in 1998

# BILL OF LADING

B/L No. PT-18

Nationality of Ocean Vessel

Shipper
BAOTOU STEEL INTERNATIONAL ECONOMIC AND TRADING CO.,LTD.

CARRIER:
AEGEAN CARRIERS SA

Consignee
TO THE ORDER OF KAUPTHING SINGER AND FRIEDLANDER LTD

Notify Address
CARBOFER GENERAL TRADING SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods of packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

**Original**

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE | Port of Loading: XINGANG,TIANJIN,CHINA | | |
| Port of Discharge: SAGUNTO,SPAIN | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L: THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages description of goods | Gross weight kgs | Measurement |
|---|---|---|---|
| N/M | PRIME QUALITY NEWLY PRODUCED HOT-DIPPED GALVANIZED STEEL COILS 45COILS<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 27 AUG 2007 | N.W.:529.57MT<br>G.W.:531.37MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: FORTY FIVE COILS ONLY | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN

Dated: 04 OCT 2007

Signed for the Carrier
Tianjin Portrans International Shipping Agency Co., Ltd.

AS AGENTS BY AND ON BEHALF OF CARRIERS MESSRS AEGEAN CARRIERS SA

Stamp: GENERAL TRADING SA, Via Massagno 1, 6900 Lugano, Switzerland

Applicable only when document used as a Through Bill of Lading

(PGC FORM ...) Printed ...

ENDORSED TO ORDER OF
MARMEDSA VALENCIA

The following are the conditions and exceptions hereinbefore referred to:

1. DEFINITION. "Merchant" includes the Shipper, the Receiver the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.

2. JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the court of the country where the Carrier has his principal place of business, between the carrier and the Merchant.

3. PARAMOUNT CLAUSE. This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules relating to Bills of Lading, dated at Brussels the 25th August 1924, or the corresponding legislation of the country of shipment. If the stipulation of this Bill of Lading are wholly or partly contrary thereto this Bill of Lading shall be void to the extent of such or part thereof, as the case may be, as deleted.

4. PERIOD OF RESPONSIBILITY. The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel.
The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5. PACKING AND MARKS. The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters not less than 5 cm high, in such a way as will remain legible until their delivery. All fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6. FREIGHT AND OTHER CHARGES. (1) Advance freight together with other charges is due on shipment. If not prepaid, freight stipulated, the freight and other charges shall be paid by the Merchant plus 6% interest per annum running from the date of notification for their payment.
If the cargo shipped are perishables, low cost goods, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time of shipment.
Freight payable at destination together with other charges is due on vessel's arrival. Advance freight and/or freight payable at destination shall be paid to the carrier in full and non-returnable and non-deductible irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
(2) All dues, taxes and charges of any other expenses in connection with the goods shall be paid by the Merchant.

7. INCORRECT STATEMENT. The Carrier is entitled, at port of shipment and/or port of destination, to verify the quantity, weight, measurement and contents of the goods as declared by the Merchant. If the weight, measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually loaded, and the freight the paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that as stated.
The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracies in stating the description, quantity, weight, measurement or contents of goods and shall indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.

8. LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of by the owner of the goods as fast as the vessel can take and discharge them, without interruption, by day and if required by carrier also by night, Sundays and Holidays included, notwithstanding any custom of the port to the contrary and the Owner of the goods shall be liable for all losses or damages including demurrage incurred in default thereof. Discharge may commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are unclaimed goods, the Carrier shall be at liberty to land such goods on shore or any other proper places at the sole risk and expense of the Merchant, and the Carrier's responsibility of delivery of cargo shall be deemed to have been fulfilled.
Weighing on board is only allowed by special permission of the Carrier including detention and extra costs of discharging shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
If the goods are unclaimed during a reasonable time, or wherever the goods will become deteriorated decayed or worthless, the Carrier may at his discretion and subject to his lien and without any responsibility attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.

9. LIGHTERAGE. Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10. LIEN. The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions for whomsoever due and for the cost of recovering the same, and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods the proceeds fail to cover the amount due and the cost and expenses incurred, the Carrier shall be entitled to recover the deficit from the Merchant.

11. NOTICE OF LOSS OR DAMAGE, TIME BAR. Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.
In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

12. LIMITATION OF LIABILITY. All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost plus freight and insurance premium if paid. In no event shall the Carrier be liable for any loss of possible profit or any consequential loss. The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding 1100 per package or freight unit unless the value of the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required. If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless be deemed to be the declared value and the Carrier's liability if any shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13. FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT. If necessary the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or other persons or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Merchant's risk. The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.

14. DANGEROUS GOODS, CONTRABAND. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable, radio-active, and/or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
(2) Whenever the goods are discovered to have been shipped without complying with the sub-clause (1) above or the goods are found to be contraband or prohibited by any laws or regulations of the port of loading, discharge or call or any place or waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or discharged or otherwise disposed of, at the Carrier's discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting from such shipment.
(3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation except to General Average if any.

15. DECK CARGO, LIVE ANIMALS AND PLANT. Cargo on deck, plants and live animals are received, handled, carried, kept and discharged at Merchant's risk and the Carrier shall not be liable for loss thereof or damage thereto.

16. CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents in containers and containers whether stowed as aforesaid or received fully stowed, may be carried on or under deck without notice. The Carrier's liability for such carriage shall likewise be governed by the terms and conditions of this Bill of Lading irrespective of Clause 15 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average. (2) If a container has not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for loss of or damage to the contents and the Merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense incurred by the Carrier if such injury, loss, damage, liability or expense has been caused by.
1) the manner in which the container has been filled, packed, stuffed or loaded; or
2) the unsuitability of the contents for carriage in containers; or
3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded
apparent upon reasonable inspection by the merchant at or prior to the time the container was filled, packed, stuffed or loaded.
If a container which has not been filled, packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact, such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container. The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17. REFRIGERATED GOODS. Before loading goods in any insulated space, the Carrier shall, in addition to the Class Certificate, obtain the certificate of the classification Society's surveyor or other competent person stating that such insulated space and refrigerating machinery are in the opinion of the surveyor or other competent person fit and safe for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.
Receivers have to take delivery of refrigerated cargo as soon as the vessel is ready to deliver, otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18. TIMBER. Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the Carrier as to the absence of stains, shakes, splits, holes or broken pieces, for which the Carrier accepts no responsibility.

19. IRON AND STEEL. Every piece of iron and steel is to be distinctly and permanently marked with oil paint and every bundle securely fastened, distinctly and permanently marked with oil paint and metal tagged, by the merchant, so that each piece or bundle can be distinguished at port of discharge. If the Merchant fails to meet the aforesaid requirements, the Carrier shall neither be responsible for correct delivery nor liable for expenses arising therefrom.

20. BULK CARGO, GOODS TO MORE THAN ONE CONSIGNEE. (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, any reference to such weight in this Bill of Lading shall be deemed to be for reference only, but shall constitute in no way evidence against the Carrier.
(2) Where bulk cargo or goods without marks or cargo with the same marks are shipped to more than one Consignee, the Consignees or Owners of the goods shall jointly and severally bear any expense or loss in dividing the goods or parcels into pro rata quantities and any deficiency shall fall upon them in such proportion as the Carrier, his servants or agents shall decide.

21. HEAVY LIFTS AND AWKWARD CARGO. Any one piece or package of cargo weighs 2000 kilos or upwards and any awkward cargo with a length of 9 meters or upwards must be clearly and boldly marked with the weight and/or dimensions and of length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage, loss of liability to the ship, lighter, wharf, quay, cranes, hoisting tackle, or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length the Merchant shall be responsible for such damage, loss or liability.

22. FUMIGATION. In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him, and all expenses incurred are for Merchant's account.

23. OPTION. The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this bill of Lading.

24. GENERAL AVERAGE AND NEW JASON CLAUSE. (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules, 1974, at any port or place at the carrier's option.
(2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage resulting from any cause whatsoever whether due to negligence or not, for which or for the consequence of which the Carrier is not responsible by statute, contract or otherwise, the goods, shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Carrier salvage shall be paid for as fully as if the salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25. BOTH TO BLAME COLLISION CLAUSE. If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier. The foregoing provisions shall also apply where the Owners, Operators or those in charge of any vessel or vessels or objects other than or in addition to the colliding vessels or objects are at fault in respect of a collision, contact stranding or other accident.

26. WAR, QUARANTINE, ICE, STRIKES, CONGESTION ETC. Should it appear that war, blockade, pirate, epidemics, quarantine, ice, strikes, congestion and other causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circumstances shall be borne by the Merchant.

# BILL OF LADING

B/L No. PT-19

Nationality of Ocean Vessel

Shipper

BAOTOU STEEL INTERNATIONAL ECONOMIC AND TRADING CO.,LTD.

CARRIER :
AEGEAN CARRIERS SA

Consignee

TO THE ORDER OF KAUPTHING SINGER AND FRIEDLANDER LTD

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

Notify Address

PERFILADOS ALVAREZ ARAGONES, S.L. CTRA NACIONAL 420, KM 272,50
13640 HERENCIA (CIUDAD REAL) SPAIN

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| **Ocean Vessel** | **Port of Loading** | | |
| PADRE | XINGANG,TIANJIN,CHINA | | |
| **Port of Discharge** | **Final destination(If goods to be transhipped at port of discharge)** | **Freight payable at** | **Number of original B(s)/L** |
| SAGUNTO,SPAIN | | | THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | PRIME QUALITY NEWLY PRODUCED HOT-DIPPED GALVANIZED STEEL COILS 121COILS<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 27 AUG 2007 | N.W.:1422.03MT<br>G.W.:1426.87MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: ONE HUNDRED TWENTY ONE COILS ONLY | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN

Dated: 0 3 OCT 2007

Signed for the Carrier,
... International Shipping Agency Co., Ltd.
AS AGENTS BY AND ON BEHALF OF CARRIERS MESSRS(S)
AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(PGC FORM 92) Printed in 1-1988

The following are the conditions and exceptions hereinbefore rerred to:

1.DEFINITION. "Merchant" includes the Shipper, the Receiver, the Consignor,the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.

2.JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutally agreed between the carrier and the Merchant.

3.PARAMOUNT CLAUSE. This Bill of Lading shall be subject to the Hague Rules con-tained in the International Convention for the Unification of Certain Rules of lawrela-ting to Bills of Lading, dated at Brussels the 25th August,1924, or the corresponding legislation of the flagstate of the ship. If the stipulation of this Bill of Lading are wholly or party contrary thereto, this Bill of Lading shall be read as if such stipulation or part thereof, as the case may be were deleted.

4.PERIOD OF RESPONSIBILITY. The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel.
The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5.PACKING AND MARKS. The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters not less than 5 cm high, in such a way as will remain legible until their delivery. All fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6.FREIGHT AND OTHER CHARGES. (1) Advance freight together with other charges is due on shipment, if not prepaid, though stipulated, the freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment.
If the cargo shipped are perishables, Low cost goods, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time of shipment.
Freight payable at destination together with other charges is due on vessel's arrival.
Advance freight and/or freight payable at destination shall be paid to the carrier in full, and non-returnable and non-deductable irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
(2) All dues, taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.

7.INCORRECT STATEMENT. The Carrier is entitled, at port of shipment and/or port of destination, to verify the quantity, Weight, measurement and contents of the goods declared by the Merchant. If the weight, measurement and/or contents [illegible] goods as stated in the Bill of Lading turned out to be inconsistent with [illegible] the goods actually loaded, and the freight the paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that mis-[illegible].
The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracies in stating the description, quantity, Weight, measurement or contents of goods and shall indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.

8.LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of be the owner of the goods as fast as the vessel can take and discharge them, Without interruption, by day and if required by carrier also by night, sundays and holidays included, notwithstanding any custom of the port to the contrary and the Owner of the goods shall be liable for all losses or damages including demurrage incurred in default thereof. Discharge May commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are Un. Claimed goods, the Carrier shall be at liberty to land such goods on shore or any other proper places at the sole risk and expense of the Merchant, and the Carriers responsibility of delivery of cargo shall be deemed to have been fulfilled.
Weighting on board is only allowed by special permission of the Carrier, including detention and extra costs of deicharging. Shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
If the goods are unclaimed during a reasonable time, or wherever the goods will become deteriorated decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility attaching to him, Sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.

9.LIGHTERAGE.Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10.LIEN. The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions for whomsoever due and for the cost of recovering the same,and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods, the proceeds fail to cover the amount due and the cost and expenses incurred, the Carrier shall be entiled to recover the deficit from the Merchant.

11.NOTICE OF LOSS OR DAMAGE. TIME BAR. Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the prot of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of [illegible] such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.
In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

12.LIMITATION OF LIABILITY. All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost, plus freight and insurance premuim, if paid. In no event shall the Carrier be liable for any loss of possible profit or any consequential loss. The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding $100 per package or freight unit unless the value fot the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required. If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless be deemed to be the decared value and the Carrier's liability if any, shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13.FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT. If necessary the Carrier shall be at liberty to carry the goods to their port of destination by other fessel or vessels either belonging to the Carrier or other persons or by rail or other m ans of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Mechant's risk. The responsibility or the Carrier shall be limited to the part of the transport performed by him on the vessel unde his management.

14.DANGEROUS GOODS, CONTRABAND. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, Inflammable radio-active, and for any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
(2) Whenever the goods are discovered to have been shipped without complying with be subclause (1) above or the goods are found to be contraband or prohibited by any laws of regulations of the port of loading, discharge or call of any place of waters during the carriaeg, the Carrier shall be entitled to have such goods rendered innocuous, thrown overbord or discharged or otherwise disposed of at the Carrier's discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting frm such shipment.
(3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous, thrown over-board or discharged or otherwise disposed of at the Carrier's discretion without compensation except to General Average, if any.

15.DECK CARGO,LIVE ANIMALS AND PLANT. Cargo on deck, plants and live animals are received, handled, carried kept and discharged at Merchants risk and the Carrier shall not be liable for loss thereof or damage thereto.

16.CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents or servants in containers and containers whether stowed as aforesaid or received fully stowed may be carried on or under deck without notice. The Carrier's liability for such carriage shall likewise be governed by the terms and conditions of this Bill of Lading irrespective of Clause 15 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average (2) If a container has not been filled, packed, stuffed or loaded by the Carrier,the Carrier shall not be liable for loss of or damage to the contents and the merchant shall indemnify the Carrier against any injury, loss,damage, liability or expense incurred by the Carrier if such injury, loss, damage, liability or expense has been caused by,
1) the manner in which the container has been filled, Packed, stuffed or loaded; or
2) the unsuitability fo the contents for carriage in containers; or
3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, Packed, stuffed or loaded
apparent upon reasonable inspection by the merchant at or prior to the time the container was filled, Packed, stuffed or loaded.
If a container which has not been filled, Packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact, Such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container. The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17.REFRIGERATED GOODS. Before loading goods in any insulated space, the Carrier shall [illegible] to the Class Certificate, Obtain the certificate of the classification Society's [illegible] other competent person, Stating that such insulated space and refrigerating machinery are in the opinion of the surveyor or other competent person [illegible] for the carriage and preservation of refriegerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.
Receivers have to take delivery of refrigerated cargo as soon as the vessel is ready to deliver otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18.TIMBER. Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the [illegible] absence of stains, Shakes, splits holes or broken pieces, for which the Carrier accepts no responsibility.

19.IRON AND STEEL. Every piece of Iron and Steel is to be distinctly and permanently marked with oil paint and every bundle securely fastened, distinctly and permanently marked with oil paint and metal tagged, by the merchant, so that each piece or bundle can be distinguished at port of discharge. If the Merchant fails to meet the aforesaid requirements, the Carrier shall neither be responsible for correct delivery nor liable for expenses arising therefrom.

20 BULK CARGO, GOODS TO MORE THAN ONE CONSIGNEE. (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, any reference to such weight in this Bill of Lading shall be deemed to be for reference only, but shall constitute in no way evidence against the Carrier.
(2) where, bulk cargo or goods without marks or cargo with the same marks are shipped to more than one Consignee: the Consignees, or Owners of the goods shall jointly and severally bear any expence or loss in dividing the goods of parcels into pro rata quantities and any deficiency shall fall upon them in such proportion as the Carriers, his servants or agents shall decide

21.HEAVY LIFTS AND AWKWARD CARGO. Any one piece or package of cargo weighs 2000 kilos or upwards and any awkward cargo with a lenght of 9 meters, or upwards must be clearly and boldly marked with the weight and/or dimensions and or length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage, loss or liability to the ship, Lighter, wharf, Quay, Cranes, hoisting tackle, or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length,the Merchant shall be responsible for such damage, loss or liability.

22.FUMIGATION. In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him, and all expenses incurred are for Merchant's account.

23.OPTION. The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours [illegible] there. In the absence of such declaration the Carrier may [illegible] discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this bill of Lading.

24.GENERAL AVERAGE AND NEW JASON CLAUSE (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules, 1974, at any por or place at the carrier's option.
(2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever whether due to negligence or not, for which or for the consequence of which the Carrier is not responsible, by statute contract or otherwise, the goods, shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices,losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25.BOTH TO BLAME COLLISION CLAUSE. If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the master, Mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set-of, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier, the forcoing provisions shall also apply where the Owners, Operators or those in charge of any vessel or vessels or objects other than Or in addition to, the colliding vessels or objects are at fault in respect of a collision, contact stranding or other accident.

26.WAR, QUARANTINE, ICE, STRIKES, CONGESTION ECT. should it appear that war, blockade, pirate, epidemics, quarantine, Ice, Strikes, congestion and other causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destinanon and/or discharging the godds thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circom stances shall be borne by the merchant.

# BILL OF LADING

B/L No. PT-19

Nationality of Ocean Vessel

Shipper
BAOTOU STEEL INTERNATIONAL
ECONOMIC AND TRADING CO.,LTD.

CARRIER :
AEGEAN CARRIERS SA

Consignee
TO THE ORDER OF KAUPTHING SINGER
AND FRIEDLANDER LTD

Notify Address
PERFILADOS ALVAREZ ARAGONES, S.L. CTRA
NACIONAL 420, KM 272,50
13640 HERENCIA (CIUDAD REAL) SPAIN

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof.One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Pre-carriage by | • Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE | Port of Loading: XINGANG,TIANJIN,CHINA | | |
| Port of Discharge: SAGUNTO,SPAIN | • Final destination (If goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L: THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages;description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | PRIME QUALITY NEWLY PRODUCED<br>HOT-DIPPED GALVANIZED STEEL COILS<br>121COILS<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 27 AUG 2007 | N.W.:1422.03MT<br>G.W.:1428.87MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: ONE HUNDRED TWENTY ONE COILS ONLY | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN

Dated: 03 OCT 2007

Signed for the Carrier
[illegible] International Shipping Agency Co., Ltd.
AS AGENTS BY AND ON BEHALF
OF CARRIERS MESSRS(S)
AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

The following are the conditions and exceptions hereinbefore referred to:

1. DEFINITION. "Merchant" includes the Shipper the Receiver, the Consignee, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.

2. JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the carrier and the Merchant.

3. PARAMOUNT CLAUSE. This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading, dated at Brussels the 25th August 1924, or the corresponding legislation of the flag-state of the ship. If the stipulation of this Bill of Lading are wholly or partly contrary thereto, this Bill of Lading shall be read as if such stipulation or part thereof, as the case may be were deleted.

4. PERIOD OF RESPONSIBILITY. The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel.
The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5. PACKING AND MARKS. The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters not less than 5 cm high. In such a way as will remain legible until their delivery all lines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6. FREIGHT AND OTHER CHARGES. (1) Advance freight together with other charges is due on shipment. If not prepaid, though stipulated, the freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment.
(a) If the cargo shipped are perishables. Live stock, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time of shipment.
Freight payable at destination together with other charges is due on vessel arrival.
Advance freight freight payable at destination shall be paid to the carrier in full, and non-returnable and non-deductable irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
(2) All dues, taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.

7. INCORRECT STATEMENT. The Carrier is entitled, at port of shipment and/or port of destination, to verify the quantity, weight, measurement and contents of the goods declared by the Merchant. If the weight, measurement and/or contents of the goods as stated in the Bill of Lading turned out to be inconsistent with the actual weight, measurement and/or contents of the goods actually loaded, and the freight the paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages for the Carrier's loss the difference between the freight for the goods actually shipped and that collected. The Merchant shall be liable for loss of and damage to the vessel and/or being or resulting from inaccuracies in stating the description, quantity. Weight, measurement or contents of goods and shall indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.

8. LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of by the owner of the goods as fast as the vessel can take and discharge them. Without interruption, by day and if required by carrier also by night, sundays and holidays included, notwithstanding any custom of the port to the contrary and the Owner of the goods shall be liable for all losses or damages including demurrage incurred in default thereof. Discharge.May commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are any claimed goods, the Carrier shall be at liberty to land such goods on shore or any other proper place at the sole risk and expense of the Merchant, and the Carriers responsibility of delivery of cargo shall be deemed to have been fulfilled. Weighting on board is only allowed by special permission of the Carrier, including detention and extra costs of discharging. Shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
If the goods are unclaimed during a reasonable time, or whenever the goods will be considered detained or decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.

9. LIGHTERAGE. Any lighterage in and/or at the port of loading or ports of discharge shall be for the account of the Merchant.

10. LIEN. The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable to the Merchant and for General Average contributions (or whatsoever due, and for the cost of recovering the same, and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods, the proceeds fail to cover the amount due and the cost and expenses incurred, the Carrier shall be entitled to recover the deficit from the Merchant.

11. NOTICE OF LOSS OR DAMAGE. TIME BAR. Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the Bill of Lading, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery. In the case of any actual or apprehended loss or damage the Carrier and the Merchant shall give all reasonable facilities to each other for inspecting and tallying the goods.

12. LIMITATION OF LIABILITY. All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost, plus freight and insurance premium, if paid. In no event shall the Carrier be liable for any loss of damage to the goods exceeding £100 per package or freight unit unless the value of the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required. If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless be deemed to be the value and such excess value. The Carrier's liability if any, shall not be the declared value and declared value and the Carrier's liability if any, shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13. FORWARDING. SUBSTITUTE OF VESSEL AND TRANSHIPMENT. If necessary the Carrier shall be at liberty to carry the goods to their port of destination by other lines of vessels either belonging to the Carrier or other persons or by rail or other m eans of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, replace, land and store the goods on shore or afloat and reship and forward same at the Carrier's expense but at Merchant's risk. The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.

14. DANGEROUS GOODS. CONTRABAND. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable radio-active, or for any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
(2) Whenever the goods are discovered to have been shipped without complying with the subclause (1) above or the goods are found to be unlabeled or prohibited by any laws or regulations at the port of loading, discharge or call of any place of waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's

discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting for such shipment.
(3) If any goods shipped complying with the sub-clause (1) above becomes a danger to the ship or cargo, they may in the like manner be rendered innocuous. Thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation except in General Average, if any.

16. DECK CARGO.LIVE ANIMALS AND PLANT. Cargo on deck. plants and live animals are received, handled, carried kept and discharged at Merchants risk and the Carrier shall not be liable for loss thereof or damage thereto.

17. CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents or servants in containers and containers whether stowed or stowed or received fully stowed may be packed on or under deck without notice. The Carrier's liability for loading irrespective of Clause 12 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average (2) If a containerhas not been filled or packed, stuffed or loaded by the Carrier or his servants or agents if the container with all its contents shall be deemed to be one package.
Liability or expense measured by the Carrier if any injury, made to the contents and the merchant shall indemnify the Carrier against any injury, loss.damage. liability or expense incurred by the Carrier if such injury, loss, damage.
liability or expense has been caused by.
(1) the manner in which the container.has been filled. Packed. stuffed or loaded; or
(2) the unsuitability to the contents for carriage in containers; or
(3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled. Packed. stuffed or loaded.
If a container which has not been filled. Packed. stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact. Such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall be liable for any loss of or damage to the contents of the container shall be prima inspect container's favour been stuffed with the use of the containers shall be prima facie evidence of their being sound and suitable for use.

18. DESCRIPTION OF GOODS. Before loading goods in any insulated 'space. the Carrier shall.at the request of the Merchant. Obtain the certificate of the classification Society and/or to the Class Certificate, Stating that such insulated spaces and their equipment are, in the opinion of the surveyor of competent person in charge of such inspection. In good order and condition and fit in all respects for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.

19. FREE IN. The goods being in this Bill of Lading to the effect that litter has been shipped in apparent good order and condition does not involve any admission by the Carrier of the weight. Quantity. marks. number and condition and quality of the contents of the container and a signature or stamp of the Carrier's favour absence of stow. Shakes, splits holes or broken pieces. For which the Carrier accepts no responsibility.

21. IRON AND STEEL. Every piece of iron and Steel is to be distinctly and permanently marked with all paint and every bundle securely fastened, distinctly and permanently marked with all paint and metal tagged, by the Merchant. So that each piece or bundle can be distinguished and no part of discharge If the Merchant fails to meet the aforesaid requirements. The Carrier shall neither be responsible for correct delivery nor liable for expenses being therefrom.

22. BULK CARGO. GOODS TO MORE THAN ONE CONSIGNEE. (1) As the Carrier has no reasonable means of checking the weight of bulk cargo. Any reference to such weight in this Bill of Lading shall be deemed to be for reference only. but shall not.stitute in no way evidence against the Carrier.
(2) Where, bulk cargo or goods without marks or cargo with the same marks are shipped to more than one Consignee. The Consignees, or Owners of the goods shall jointly and severally bear any expense or loss in dividing the goods of parcels into pro rata quantities and any deficiency shall fall upon them in such proportion as the Carriers, his servants or agents shall decide.

23. HEAVY LIFTS AND AWKWARD CARGO. Any one piece or package of cargo weighs 2000 kilos or upwards and any awkward cargo with a length of 9 meters, or upwards must be clearly and boldly marked with the weight and/or dimensions and or length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage. loss or liability to the ship, Lighter, wharf, Quay. Cranes, hoisting tackle, or whatsoever or to whomsoever accrues owing to the lack of statement or mis-statement of weight. measurement or length, the Merchant shall be responsible for such damage, loss or liability.

24. FUMIGATION. In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him, and all expenses incurred in the fumigation shall be for Merchant's account.

25. OPTION. The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge the goods at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under each Bill of Lading.

26. GENERAL AVERAGE.NEW JASON CLAUSE (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules. 1974. at any port or place at the carrier s option.
(2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever whether due to negligence or not, for which or for the consequences of which the Carrier is not responsible, by statute contract or otherwise, the goods, shippers. Consignees or owners of the goods shall contribute with the Carrier in General average that may be made of incurred or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods, If a salving ship is owned or operated by the Carrier. Salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods. any salvage and special charges thereon. shall, if required. be made by the goods, any salvage and special charges thereon. Shippers, Consignees or Owners of the goods to the Carrier before delivery.

28. BOTH TO BLAME COLLISION CLAUSE. If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the master, Mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever the owners of said goods paid or payable by the other or non-carrying vessel her owners to the Owners of said goods and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier. the foregoing provisions shall also apply where the Owners, Operators or those in charge of any vessel or vessels or objects other than Or in addition to the colliding vessels or objects are at fault in respect of a collision. Contact stranding or other accident.

29. WAR, QUARANTINE, ICE, STRIKES. CONGESTION ECT. should it appear that war. blockade. piracy, epidemics, quarantine. Ice. Strikes. congestion and other causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circum stances shall be borne by the merchant.

# BILL OF LADING

B/L No. PT-21

Nationality of Ocean Vessel

Shipper
BAOTOU STEEL INTERNATIONAL ECONOMIC AND TRADING CO.,LTD.

CARRIER:
AEGEAN CARRIERS SA

Consignee
TO THE ORDER OF KAUPTHING SINGER AND FRIEDLANDER LTD

Notify Address
CARBOFER GENERAL TRADING SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

**Original**

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| **Ocean Vessel** | **Port of Loading** | | |
| PADRE | XINGANG,TIANJIN,CHINA | | |
| **Port of Discharge** | **Final destination (if goods to be transhipped at port of discharge)** | **Freight payable at** | **Number of original B(s)/L** |
| SAGUNTO,SPAIN | | | THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs. | Measurement |
|---|---|---|---|
| N/M | PRIME QUALITY NEWLY PRODUCED HOT-DIPPED GALVANIZED STEEL COILS 65COILS<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 27 AUG 2007 | N.W.:757,42MT<br>G.W.: 760,02MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: SIXTY FIVECOILS ONLY | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN

Dated: 04 OCT 2007

Signed for the Carrier
Tianjin Portrans International Shipping Agency Co., Ltd.

AS AGENTS BY AND ON BEHALF OF CARRIERS MESSRS AEGEAN CARRIERS SA.

CARBOFER GENERAL TRADING SA
Via Maderno ... Lugano Switzerland

Applicable only when document used as a Through Bill of Lading

(Pod FORM 02) ... 1988

DELIVER TO ORDER OF PERFILES MURCIA SPAIN

The following are the conditions and exceptions hereinbefore referred to:

1. DEFINITION. "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods [illegible]

2. JURISDICTION. All disputes arising under and in connection with [illegible] shall be settled in the flag state of the ship, or otherwise [illegible] between the carrier and the Merchant.

3. PARAMOUNT CLAUSE. This Bill of Lading shall be subject to [illegible] contained in the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading, dated at Brussels the 25th August 1924 [illegible] legislation of the flag state of the ship [illegible] wholly or partly contrary thereto, this Bill of Lading shall be [illegible] or part thereof, as the case may be [illegible]

4. PERIOD OF RESPONSIBILITY. The responsibility of the Carrier shall [illegible] the time when the goods are loaded on board the vessel and shall [illegible] are discharged from the vessel. The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5. PACKING AND MARKS. The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters not less than 5 cm high [illegible] until their delivery. All fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6. FREIGHT AND OTHER CHARGES. (1) Advance freight together with other charges is due on shipment. If not prepaid, though stipulated, the freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment. If the cargo shipped are perishables, low cost goods, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time of shipment. [illegible] Advance freight and/or freight payable [illegible] full and non-returnable and non-deductible irrespective of whatever loss or damage may happen to vessel and cargo or either of them [illegible] (2) All dues, taxes and charges [illegible] shall be paid by the Merchant.

7. INCORRECT STATEMENT. The Carrier is entitled, at port of shipment and/or port of destination, to verify the quantity, weight, measurement [illegible] declared by the Merchant [illegible]

8. LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of by the owner of the goods as fast as the vessel can take and discharge them, without interruption, by day and if required by Carrier also by night, Sundays and holidays included [illegible]

9. LIGHTERAGE. Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10. LIEN. The Carrier shall have a lien on the goods and any documents relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions [illegible]

11. NOTICE OF LOSS OR DAMAGE. TIME BAR. [illegible]

12. LIMITATION OF LIABILITY. [illegible]

13. FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT. [illegible]

14. DANGEROUS GOODS, CONTRABAND. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable, radio-active, and/or any harmful nature without previously giving written notice of their nature to the Carrier [illegible] (2) [illegible]

15. [illegible]

16. DECK CARGO, LIVE ANIMALS AND PLANTS. [illegible]

17. REFRIGERATED GOODS. [illegible]

18. TIMBER. [illegible]

19. IRON AND STEEL. [illegible]

20. BULK CARGO, GOODS TO MORE THAN ONE CONSIGNEE. [illegible]

21. HEAVY LIFTS AND AWKWARD CARGO. [illegible]

22. FUMIGATION. [illegible]

23. OPTION. [illegible]

24. GENERAL AVERAGE AND NEW JASON CLAUSE. (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules 1974 [illegible]

25. BOTH TO BLAME COLLISION CLAUSE. [illegible]

26. WAR, QUARANTINE, ICE, STRIKES, CONGESTION [illegible]

# BILL OF LADING

B/L No. RT-22

Nationality of Ocean Vessel

Shipper:
BAOTOU STEEL INTERNATIONAL ECONOMIC AND TRADING CO.,LTD.

Consignee:
TO THE ORDER OF KAUPTHING SINGER AND FRIEDLANDER LTD

Notify Address:
CARBOFER GENERAL TRADING SA

CARRIER:
AEGEAN CARRIERS SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or Stamped provisions, exceptions and conditions of this Bill of Lading, including those On the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the Others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

**Original**

| Pre-carriage by | Place of Receipt by Pre-Carrier |
|---|---|
| | |

| Ocean Vessel | Port of Loading |
|---|---|
| PADRE | XINGANG,TIANJIN,CHINA |

| Port of Discharge | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L |
|---|---|---|---|
| SAGUNTO,SPAIN | | | THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and kind of packages; description of goods | Gross weight kgs | Measurement |
|---|---|---|---|
| N/M | PRIME QUALITY NEWLY PRODUCED HOT-DIPPED GALVANIZED STEEL COILS 149COILS<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID<br>FREIGHT PRE-PAID AS PER CHARTER PARTY DATED 27 AUG 2007 | N.W.:1718.02MT<br>G.W.:1723.98MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: ONE HUNDRED AND FORTY NINE COILS ONLY | | |

Freight and charges

Place of B(s)/L issue: TIANJIN

Dated: 0 4 OCT 2007

Tianjin Bestrans International Shipping Agency Co., Ltd.

AS AGENTS BY AND ON BEHALF OF CARRIERS MESSRS AEGEAN CARRIERS SA

CARBOFER GENERAL TRADING — Via Maggio 1, 6900 Lugano, Switzerland

Applicable only when document used as a Through Bill of Lading

(FGC FORM02) Printed in 1998

ENDORSED TO ORDER OF
HARMEDSA VALENCIA

The following are the conditions and exceptions hereinbefore referred to:

1. DEFINITION. "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.

2. JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag state of the ship, or otherwise in the place mutually agreed between the carrier and the Merchant.

3. PARAMOUNT CLAUSE. This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of law relating to Bills of Lading, dated at Brussels the 25th August 1924, or the corresponding legislation of the flagstate of the ship. If any stipulation of this Bill of Lading is wholly or partly contrary thereto, this Bill of Lading shall be read as if such stipulation or part thereof, as the case may be, were deleted.

4. PERIOD OF RESPONSIBILITY. The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel. The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5. PACKING AND MARKS. The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters not less than 5 cm high, in such a way as will remain legible until their delivery. All fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6. FREIGHT AND OTHER CHARGES. (1) Advanced freight together with other charges is due on shipment. If not prepaid, though stipulated, the freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment. If the cargo shipped are perishables, low cost goods, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time of shipment. Freight payable at destination together with other charges is due on vessel arrival. Advance freight and/or freight payable at destination shall be paid to the Carrier in full and non-returnable and non-deductible irrespective of whatever loss or damage may happen to vessel and cargo or either of them. (2) All dues, taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.

7. INCORRECT STATEMENT. The Carrier is entitled at port of shipment and/or port of destination, to verify the quantity, weight, measurement and contents of the goods as declared by the Merchant. If the weight, measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually tendered, and the freight thereby paid less short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that mis-stated. The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracies in stating the description, quantity, weight, measurement or contents of goods and shall indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.

8. LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of by the owner of the goods as fast as the vessel can take and discharge them, without interruption, by day and if required by carrier also by night, Sundays and holidays included, notwithstanding any custom of the port to the contrary, and the Owner of the goods shall be liable for all losses or damages including demurrage incurred in default thereof. Discharge may commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are unclaimed goods, the Carrier shall be at liberty to land such goods on shore or any other proper places at the sole risk and expense of the Merchant, and the Carrier's responsibility of delivery of cargo shall be deemed to have been fulfilled. Weighing on board is only allowed by special permission of the Carrier, including detention and extra costs of discharging, shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary. If the goods are unclaimed during a reasonable time or wherever the goods will become deteriorated, decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.

9. LIGHTERAGE. Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10. LIEN. The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions for whomsoever due and for the cost of recovering the same, and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods, the proceeds fail to cover the amount due and the cost and expenses incurred, the Carrier shall be entitled to recover the deficit from the Merchant.

11. NOTICE OF LOSS OR DAMAGE. TIME BAR. Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery. In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

12. LIMITATION OF LIABILITY. All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost plus freight and insurance premium. In no event shall the Carrier be liable for any loss of possible profit or any consequential loss. The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding $100 per package or freight unit unless the value of the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required. If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless be deemed to be the declared value and the Carrier's liability if any shall not exceed the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13. FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT. If necessary the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or other persons or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expense but at Merchant's risk. The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.

14. DANGEROUS GOODS, CONTRABAND. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable, radio-active, and/or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage. (2) Whenever the goods are discovered to have been shipped without complying with the sub-clause (1) above or the goods are found to be contraband or prohibited by any laws or regulations of the port of loading, discharge or call or any place or waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or discharged, or otherwise disposed of at the Carrier's discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight and any expenses directly or indirectly arising out of or resulting from such shipment. (3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation except to General Average, if any.

15. DECK CARGO, LIVE ANIMALS AND PLANT. Cargo on deck, plants and live animals are received, handled, carried, kept and discharged at Merchant's risk and the Carrier shall not be liable for loss thereof or damage thereto.

16. CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents or servants in containers and containers whether stowed as aforesaid or received fully stowed may be carried on or under deck without notice. The Carrier's liability for [illegible] shall likewise be governed by the terms and conditions of this Bill of [illegible] irrespective of Clause 15 hereof notwithstanding the fact that the goods are carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average. (2) If a container has not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for loss of or damage to the contents and the merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense incurred by the Carrier if such injury, loss, damage, liability or expense has been caused by:
1) the manner in which the container has been filled, packed, stuffed or loaded; or
2) the unsuitability of the contents for carriage in containers; or
3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.
apparent upon reasonable inspection by the merchant at or prior to the time the container was filled, packed, stuffed or loaded.
If a container which has not been filled, packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact, such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container. The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17. REFRIGERATED GOODS. Before loading goods in any insulated space, the Carrier shall, in addition to the Class Certificate, obtain the certificate of the classification Society's surveyor or other competent persons stating that such insulated space and refrigerating machinery are in the opinion of the surveyor or other competent person fit and safe for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant. Receivers have to take delivery of refrigerated cargo as soon as the vessel is ready to deliver, otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18. TIMBER. Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the Carrier as to the absence of stains, shakes, splits, holes or broken pieces, for which the Carrier accepts no responsibility.

19. IRON AND STEEL. Every piece of iron and steel is to be distinctly and permanently marked with oil paint and every bundle securely fastened, distinctly and permanently marked with oil paint and metal tagged by the merchant, so that each piece or bundle can be distinguished at port of discharge. If the Merchant fails to meet the aforesaid requirements, the Carrier shall neither be responsible for correct delivery nor liable for expenses arising therefrom.

20. BULK CARGO, GOODS TO MORE THAN ONE CONSIGNEE. (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, any reference to such weight in this Bill of Lading shall be deemed to be for reference only, but shall constitute in no way evidence against the Carrier.
(2) Where bulk cargo or goods without marks or cargo with the same marks are shipped to more than one Consignee, the Consignees or Owners of the goods shall jointly and severally bear any expense or loss in dividing the goods or parcels into pro rata quantities and any deficiency shall fall upon them in such proportion as the Carrier, his servants or agents shall decide.

21. HEAVY LIFTS AND AWKWARD CARGO. Any one piece or package of cargo weighing 2000 kilos or upwards and any awkward cargo with a length of 9 meters or upwards must be clearly and boldly marked with the weight and/or dimensions and or length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage, loss or liability to the ship, lighter, wharf, quay, cranes, hoisting tackle or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length, the Merchant shall be responsible for such damage, loss or liability.

22. FUMIGATION. In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him, and all expenses incurred are for Merchant's account.

23. OPTION. The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this Bill of Lading.

24. GENERAL AVERAGE AND NEW JASON CLAUSE. (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules 1974, at any port or place at the Carrier's option.
(2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever whether due to negligence or not, for which or for the consequence of which the Carrier is not responsible by statute, contract or otherwise, the goods, shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25. BOTH TO BLAME COLLISION CLAUSE. If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier. The foregoing provisions shall also apply where the Owners, Operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision, contact, stranding or other accident.

26. WAR, QUARANTINE, ICE, STRIKES, CONGESTION ETC. Should it appear that war, blockade, pirate, epidemics, quarantine, ice, strikes, congestion [illegible] or other causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circumstances shall be borne by the Merchant.

CARRIER: AEGEAN CARRIERS SA

# BILL OF LADING

B/L No. PT-24

Nationality of Ocean Vessel

Shipper
TIANJIN LONGKANG INTERNATIONAL TRADE CO LTD,
2/F TOWER 2,YINHE HOTEL, WUXIA STREET, DONGLI DISTRICT,
TIANJIN, CHINA

Consignee
TO THE ORDER OF ACEROS CHAPA INDUSTRIAL S. L.

Notify
ACEROS CHAPA INDUSTRIAL S. L.
PHONE:+34-947 347 500 FAX:+34-947 354 189
AND PORLESA. S. A.
PHONE:+34-96 2671062 FAX +34-96 2671066

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| pre - carriage by | * place of Receipt by pre - carrier | | |
|---|---|---|---|
| Ocean Vessel MV PADRE | port of Loading XINGANG, TIANJIN, CHINA | | |
| port of Discharge SAGUNTO PORT, SPAIN | * Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L THREE |

particulars Furnished by Merchants

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 353 PIECES<br>HOT ROLLED STEEL PLATES<br><br>LOADED UNDERDECK<br>L/C NUMBER CI20070000266500<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 1212.846MT | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: THREE HUNDRED AND FIFTY THREE PIECES ONLY. | | |

Freight and charges

place of B(s)/L Issue: XINGANG, TIANJIN, CHINA
Dated: 10th, Oct
10 OCT 2007

Signed for the Carrier
Tianjin Portrans International Shipping Agency Co.,Ltd.
TIANJIN PORTRANS INTERNATIONAL SHIPPING AGENCY AS AGENTS FOR THE CARRIER AEGEAN CARRIERS SA.

* Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) printed in 1-1998

The following are the conditions and exceptions hereinbefore referred to:

1. **DEFINITION.** "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods.

2. **JURISDICTION.** All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the carrier and the Merchant.

3. **PARAMOUNT CLAUSE.** The Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading, dated at Brussels the 25th August 1924, or the corresponding legislation of the flagstate of the ship. If the stipulation of this Bill of Lading are wholly or partly contrary thereto, this Bill of Lading shall be read as if such stipulation or part thereof, as the case may be were deleted.

4. **PERIOD OF RESPONSIBILITY.** The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel. The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5. **PACKING AND MARKS.** The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination shall be legible until their delivery, all fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6. **FREIGHT AND OTHER CHARGES.** (1) Advance freight together with other charges is due on shipment. If not prepaid, though stipulated, the freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification by first payment.
If the cargo shipped are perishables, low cost goods, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time the goods leave the vessel's arrival. Freight payable at destination together with other charges is due on vessel's arrival. Advance freight and/or freight payable at destination shall be paid to the carrier in full. And non-returnable and non-deductible irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
(2) All dues, taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.

7. **INCORRECT STATEMENT.** The Carrier is entitled, at port of shipment and/or port of destination, to verify the basis of freight, weight, measurement and contents of the goods as declared by the Merchant. If the weight, measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually loaded, and the freight the paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that was stated. The Merchant shall be liable for loss of and damage to the vessel and / or goods arising or resulting from inaccuracies in stating the description, quantity, weight, measurement or contents of goods and indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.

8. **LOADING, DISCHARGING AND DELIVERY.** The goods shall be supplied and taken delivery of by the owner of the goods to the vessel or carrier and discharge them, without delay/cargo by day and/or night. If the Master finds it incurred in default thereof. Discharge and delivery of the goods which are unclaimed power the master the owner's risk and expense. If the goods which remain uncleared goods are to warehouse at the risk and expense of the Merchant without delay, or in default thereof, the Carrier to have them housed, responsibility of delivery of cargo shall be deemed to have been fulfilled. Weighing on board is only by special permission of the Carrier, including detention and extra costs of Watcharging, shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
If the goods are unclaimed during a reasonable time, or wherever the goods will become deteriorated decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.

9. **LIGHTERAGE.** Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10. **LIEN.** The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions for whatsoever due and for the cost of recovering the same, and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of all the goods, the proceeds fail to cover the amount due and the cost and expenses incurred , the Carrier shall be entitled to recover the deficit from the Merchant.

11. **NOTICE OF LOSS OR DAMAGE, TIME BAR.** Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.
In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

12. **LIMITATION OF LIABILITY.** All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost , plus freight and insurance premium, if paid.In no event shall the Carrier be liable for any loss of possible profit or any consequential loss.The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding 1100 per package or freight unit unless the value of the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in the Bill of Lading and extra freight paid as required if the actual value of the goods per package or unit freight exceeds such value, the declared value shall nevertheless be deemed to be the declared value and the Carrier's liability if any, shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13. **FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT.** If necessary, the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or other persons by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Merchant's risk. The responsibility of the Carrier shall be limited to that part of the transport performed by him on the vessel under his management.

14. **DANGEROUS GOODS, CONTRABAND.** (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable radio-active, and /or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
(2) Whenever the goods are discovered to have been shipped without complying with be subclause (1) above or the goods are found to be contraband or prohibited by any laws of regulations of the port of loading, discharge or call or any place of waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's

discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss , damage or liability including loss of freight, and any expense directly or indirectly arising out of or resulting from such shipment.
(3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation except to General Average, if any.

15. **DECK CARGO LIVE ANIMALS AND PLANT.** Cargo on deck, plants and live animals are received, handled, carried, kept and discharged at Merchants risk and the Carrier shall not be liable for loss thereof or damage thereto, however caused.

16. **CARGO IN CONTAINERS.** (1) Goods may be stowed by the Carrier or his agents or servants in containers and combines whether stowed or stored at or received fully stowed may be carried on or under deck without notice. The Carrier's liability for such cartage shall likewise be governed by the terms and conditions of this Bill of Lading irrespective of Clause 15 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average (2) If a container has not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for loss of or damage to the contents and the merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense, incurred by the Carrier if such injury, loss, damage, liability or expense has been caused by:
1) the manner in which the container - has been filled, packed, stuffed or loaded; or
2) the unsuitability of the contents for carriage in containers; or
3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.
apparent upon reasonable inspection by the merchant at or prior to the time the container was filled, packed, stuffed or loaded.
If a container which has not been filled, packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact, such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container. The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17. **REFRIGERATED GOODS.** Before loading goods in any insulated space, the Carrier shall, in addition to the Class Certificate, obtain the certificate of the Society's surveyor or other competent person, stating that such insulated space and refrigerating machinery are in due order. Such surveyor or other competent person fit and safe for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant. Receivers have to take delivery of the refrigerated cargo as soon as the vessel is ready to deliver, otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18. **TIMBER.** Any statement in this Bill of Lading to the effect that timber has been shipped in apparent good order and condition does not involve any admission by the Carrier as to the absence of splits, shakes, splits holes or broken pieces, for which the Carrier accepts no responsibility.

19. **IRON AND STEEL.** Every piece of Iron and Steel is to be distinctly and permanently marked with oil paint and / or any bundle securely fastened, distinctly and permanently marked with oil paint and metal tagged. If the merchant, so that each piece or bundle can be distinguished. In default of discharge if the Merchant fails to mark the aforesaid requirements , the Carrier shall not be responsible for correct delivery or be liable for expenses and is therefrom.

20. **BULK CARGO. GOODS TO MORE THAN ONE CONSIGNEE.** (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, any reference to such weight in this Bill of Lading shall be for reference only, but shall constitute in no way evidence against the Carrier, or cargo with the same marks are shipped to more than one consignee, the Carrier or Owners of the goods shall have the right or liberty of dividing the goods or parcels into jointly and severally contribute to the pro rata quantity of the bundled cargo.

21. **HEAVY LIFTS AND AWKWARD CARGO.** If any one package of cargo weighs 2000 kilos or upwards and any awkward cargo with a length of 12 meters or upwards must be clearly and boldly marked on the outside weight and/or dimensions and or length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant, if any damage , loss or liability to the ship, lighter , wharf, quay , cranes, holding tackle, or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length, the Merchant shall be responsible for such damage, loss or liability.

22. **FUMIGATION.** In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for loss of or damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him and all expenses incurred are for Merchant's account.

23. **OPTION.** The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this Bill of Lading.

24. **GENERAL AVERAGE AND NEW JASON CLAUSE.** (1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules, 1974, at any port or place at the carrier's option.
(2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage resulting from any cause whatsoever whether due to negligence or not, for which or for the consequences of which the Carrier is not responsible, by statute, contract or otherwise, the goods, shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Owner, salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25. **BOTH TO BLAME COLLISION CLAUSE.** If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the master , mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier. The foregoing provisions shall also apply where the Owners, operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision.

26. **WAR, QUARANTINE, ICE. STRIKES. CONGESTION ETC.** should it appear that war, blockade , plague , epidemic, quarantine, ice , strikes , congestion and other-causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circumstances shall be borne by the merchant.

CARRIER: AEGEAN CARRIERS SA

# BILL OF LADING

B/L No. PT-25

Nationality of Ocean Vessel

Shipper

TIANJIN LONGKANG INTERNATIONAL TRADE CO LTD,
2/F TOWER 2,VINHE HOTEL, WUXIA STREET, DONGLI DISTRICT,
TIANJIN, CHINA

Consignee

TO THE ORDER OF ACEROS CHAPA INDUSTRIAL S. L.

ACEROS CHAPA INDUSTRIAL S. L.
PHONE:+34-947 347 500 FAX:+34-947 354 189
AND PORLESA. S. A.
PHONE:+34-96 2671062 FAX +34-96 2671066

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on, the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

pre-carriage by | place of Receipt by pre-carrier

Ocean Vessel MV PADRE | port of Loading XINGANG, TIANJIN, CHINA

port of Discharge SAGUNTO PORT, SPAIN | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L THREE

particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 154 PIECES<br>HOT ROLLED STEEL PLATES<br>LOADED UNDERDECK<br>L/C NUMBER CI20070000266500<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 800.736MT | |

TOTAL PACKAGES (IN WORDS) TOTAL: ONE HUNDRED AND FIFTY FOUR PIECES ONLY.

Freight and charges

place of B(s)/L Issue: XINGANG, TIANJIN, CHINA

Dated: 10th, Oct 10 OCT 2007

Signed for the Carrier

TIANJIN PORTRANS INTERNATIONAL SHIPPING AGENCY AS AGENTS FOR THE CARRIER AEGEAN CARRIERS SA.

Shipping Agency Co., Ltd

(5)

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02) printed in 1-1998

The following are the conditions and exceptions hereinbefore refred to:

1. DEFINITION. "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and the Owner of the Goods

2. JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutally agreed between the carrier and the Merchant

3. PARAMOUNT CLAUSE: This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of lawrelating to Bills of Lading, dated at Brussels the 25th Ausust 1924, or the corresponding legislation of the flagstate of the ship. If the stipulation of this Bill of Lading are wholly or party contrary thereto, this Bill of Lading shall be read as if such stipulation or part thereof, as the case may be were deleted.

4. PERIOD OF RESPONSIBILITY. The responsibility of the Carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel.
The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel, howsoever such loss or damage arises.

5. PACKING AND MARKS. The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in letters not less than 5 cm high, in such a way as will remain legible until their delivery. all fines and expenses arsing from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6. FREIGHT AND OTHER CHARGES. (1) Advance freight together with other charges is due on shipment. If not prepaid, though stipulated, the freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment.
If the cargo shipped are parishables, low cost goods, live animals, deck cargo or goods for which there is no Carrier's agent at the port of destination, the freight for such cargo and all related charges shall be paid at the time of shipment.
Freight payable at destination together with other charges is due on vessel's arrival. Advance freight and/or freight payable at destination shall be paid to the carrier in full. And non-returnable and non-deductable irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
(2) All dues, taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.

7. INCORRECT STATEMENT. The Carrier is entitled, at port of shipment and/or port of destination, to verify the quantity, weight, measurement and contents of the goods as declared by the Merchant. If the weight, measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually loaded, and the freight the paid falls short of the amount which would have been due if such declaration had been correctly given, the Carrier is entiled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actualy shipped and that mis stated. The Merchant shall be liable for loss of and damage to the vessel and / or good arising of resulting from inaccuracies in stating the description, quantity, weight, measurement or contents of goods and shall indemnify the Carrier for the costs and expenses in connection with weighing, measuring and checking such goods.

8. LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of be the owner of the goods as fast as the vessel can take and discharge them, without interruption, by day and if required by carrier also by night, sundays and holidays included, notwithstanding any custom of the port to the contrary and the Owner of the goods shall be liable for all losses or damages including demurrage incurred in default thereof. Discharge may commence without previous notice if the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods [illegible] there are unclaimed goods, the Carrier shall be at liberty to land such goods on shore or any other proper places at the sole risk and expense of the Merchant, and the Carrier's responsibility of delivery of cargo shall be deemed to have been [illegible] Weighing on board is only allowed [illegible] the Carrier. Including detention and extra costs of discharging, shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
If the goods are unclaimed during a reasonable time, or wherever the goods will become deteriorated decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without [illegible] attaching to him, sell, abandon or otherwise dispose of such goods solely at the risk and expense of the Merchant.

9. LIGHTERAGE. Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10. LIEN. The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant, and for General Average contributions for whomsoever due and for the cost of recovering the same, and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods, the proceeds fail to cover the amount due and the cost and expenses incurred, the Carrier shall be entitled to recover the deficit. from the Merchant.

11. NOTICE OF LOSS OR DAMAGE. TIME BAR. Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the prot of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carrige: such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.
In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

12. LIMITATION OF LIABILITY. All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost, plus freight and Insurance premuim, if paid. In no event shall the Carrier be liable for any loss of possible profit or any consequential loss The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding 1100 per package or freight unit unless the value fol the goods higher than the amount is declared in writing by the Shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless be deemed to be the declared value and the Carrier's liability if any, shall not be, the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13. FORWARDING. SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT. If necessary, the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or other persons or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Mechant's risk. The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.

14. DANGEROUS GOODS. CONTRABAND. (1) The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable radio-active, and /or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable, during the carriage.
(2) Whenever the goods are discovered to have been shipped without complying with be subclause (1) above or the goods are found to be contraband or prohibited by any laws of regulations of the port of loading, discharge or call or any place of waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overbord or discharged or otherwise disposed of at the Carrier's discretion without compensation and the Merchant shal be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting frm such shipment.
(3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrer's discretion without compensation except to General Average, if any.

15. DECK CARGO. LIVE ANIMALS AND PLANT. Cargo on deck, plants and live animals are received, handled, carried, kept and discharged at Merchants risk and the Carrier shall not be liable for loss thereof or damage thereto.

16. CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents or servants in containers and containers whether stowed as aforesaid or received fully stowed may be carried on or under deck without notice. The Carrier's liability for such carriage shall likewise be governed by the terms and conditions of this Bill of Lading irrespective of Clause 15 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average. (2) If a containerhas not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for loss of or damage to the contents and the merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense, incurred by the Carrer if such injury, loss, damage, liability or expense has been caused by.
1) the manner in which the container has been filled, packed, stuffed or loaded; or
2) the unsuitability of the contents for carriage in containers; or
3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.
apparent upon reasonable inspection by the marchant at or prior to the time the container was filled, packed, stuffed or loaded.
If a container which has not been filled, packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact, such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container. The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17. REFRIGERATED GOODS. Before loading goods in any insulated space, the Carrier shall, in addition to the Class Certificate, obtain the certificate of the classification Society's surveyor or other competent person, stating that such insulated space and refrigerating machinery are in the opinion of the surveyor or other competent person fit and safe for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.
Receivers have to take delivery of refrigerated cargo as soon as the vessel is ready to deliver, otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18. TIMBER Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the Carrier as to the absence of stains, shakes, splits holes or broken pieces, for which the Carrier accepts no responsibility.

19. IRON AND STEEL Every piece of Iron and Steel is to be distinctly and permanently marked with oil paint and every bundle securely fastened, distinctly and permanently marked with oil paint and metal tagged, by the merchant, so that each piece or bundle can be distinguished at port of discharge if the Merchant fails to meet the aforesaid requirements, the Carrier shall neither be responsible for correct delivery nor liable for expenses arsing therefrom.

20. BULK CARGO. GOODS TO MORE THAN ONE CONSIGNEE (1) As the Carrier has no reasonable means of c[illegible] reference to such weight in this Bill of Lading [illegible] for reference only, but shall constitute in no way evidence [illegible] Carrier.
(2) Where, bulk cargo or [illegible] marks, or cargo with the same marks are shipped to more than one Consignee, the Consignees, or Owners of the goods shall jointly and severally bear [illegible] dividing the [illegible] pro rata quantities and any [illegible] upon them in such [illegible] Carriers, his servants or agents shall decide.

Aceros Chapa Industrial S.A.
BAMESA
09280 PANCORBO
tel (34) 947 354 500
fax (34) 947 354 189
NIF: B-09465912

21. HEAVY LIFTS AND AWKWARD CARGO Any one piece or package of cargo [illegible] 2000 kilos or upwards and any awkward cargo with a lenght of 9 meters or upwards must be clearly and boldly marked with the weight and/or dimensions and or length by the shipper and shall be loaded and discharged by ship's crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage, loss or liability to the ship, lighter, wharf, quay, cranes, hoisting tackle, or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length, the Merchant shall be responsible for such damage, loss or liability.

22. FUMIGATION. In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him and all expenses incurred are for Marchant's account.

23. OPTION The port of dischage for optional goods must be declared to the vesasl's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there in the absence of such declaration the Carrier may elect to discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this bill of Lading.

24. GENERAL AVERAGE AND NEW JASON CLAUSE (1) General average shall be adjusted, stated and settled according to the York Antwerp Rules, 1974, at any por or place at the carrier's option.
(2) In the event of accident, danger, damager or disaster before or after the commencement of the voyage resulting from any cause whatsoever whether due to negligence or not, for which or for the consequence of which the Carrier is not responsible, by statute contract or otherwise, the goods shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods. If a salving ship is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers. Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods. Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25. BOTH TO BLAME COLLUSION CLAUSE. If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set-of, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier. the forcoing provisions shall also apply where the Owners, operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision, contact stranding or other accident.

26. WAR. QUARANTINE ICE. STRIKES. CONGESTION ECT. should it appear that war, blockade, pirate epidemics, quarantine, ice, strikes, congestion and other-causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circum stances shall be borne by the merchant.

CARRIER: AEGEAN CARRIERS SA

# BILL OF LADING

PT-26

B/L No.

Nationality of Ocean Vessel

Shipper
TIANJIN LONGKANG INTERNATIONAL TRADE CO.LTD,
2/F TOWER 2,YIN HE HOTEL WUXIA STREET, DONGLI DISTRICT,
TIANJIN, CHINA

Consignee
TO THE ORDER OF SOCIETE GENERALE, PARIS

Notify Address
CARBOFER GENERAL TRADING SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

| Pre-carriage by | Place of Receipt by Pre-carrier |
|---|---|
| Ocean Vessel: MV PADRE | Port of Loading: XINGANG PORT, CHINA |

| Port of Discharge | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L |
|---|---|---|---|
| SAGUNTO PORT, SPAIN | | | THREE |

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 287 PIECES<br>PRIME HOT ROLLED STEEL PLATES<br>CLEAN ON BOARD<br>FREIGHT PREPAID | 1312,738KGS | |

particulars Furnished by Merchants

TOTAL PACKAGES (IN WORDS): TOTAL: TWO HUNDRED AND EIGHTY SEVEN PIECES ONLY.

Freight and charges

Place of B(s)/L issue: XINGANG PORT, CHINA
Dated: 04 OCT 2007

Signed for the Carrier
Tianjin Portrans International Shipping Agency Co., Ltd.

AS AGENTS BY AND ON BEHALF OF CARRIERS, MESSRS AEGEAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

ERHARDT Y CIA. S.A. [stamp]

The following are the conditions and exceptions hereinbefore [illegible] The

1.DEFINITION "Merchant" includes the Shipper, The Receiver, the Consignee, the Holder of the Bill of Lading and the Owner of the goods.

2.JURISDICTION .All disputes arising under and in connection with this Bill of Lading shall be settled in the flag state of the ship or otherwise in the place mutually agreed between the carrier and the Merchant

3.PARAMOUNT CLAUSE This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of law relating to bills of Lading,dated at Brussels the 25th August 1924,or the corresponding legislation of the flagstate of the ship if the stipulation of this Bill of Lading are wholly or partly contrary thereto. This Bill of Lading shall be read as if such stipulation or part thereof,as the case may be were deleted

4.PERIOD OF RESPONSIBILITY. The responsibility of the carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel.

The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel howsoever such loss or damage arises.

5.PACKING AND MARKS The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in Letters not less than 5 cm high in such a way as will remain legible until their delivery. all fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant

6.FREIGHT AND OTHER CHARGES.(1)Advance freight together with other charges is due on shipment, if not prepaid, though stipulated. The freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment

If the cargo shipped are perishables Low cost goods, live animals deck cargo or goods for which there is no Carrier's agent at the port of destination,the freight for such cargo and all related charges shall be paid at the time of shipment

Freight payable at destination together with other charges is due on vessel's arrival Advance freight and /or freight payable at destination shall be paid to the carrier in full and non-returnable and non-deductable irrespective of whatever loss or damage may happen to vessel and cargo or either of them

(2) All dues , taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant

7.INCORRECT STATEMENT,The Carrier is entitled at port of shipment and /or port of destination, to verify the quantity. Weight, measurement and contents of the goods as declared by the Merchant If the weight. Measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually loaded, and the freight the paid falls short of the amount which would have been due if such declaration had been correctly given, The Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that mis-stated. The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracies in stating the description, quantity,weight ,measurement or contents of goods and shall indemnify the Carrier for the costs and expenses in connection with weighing ,measuring and checking such goods.

8.LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of by the owner of the goods as fast as the vessel can take and discharge them,without interruption, by day and if required by carrier also by night sundays and holidays included Notwithstanding any custom of the port to the contrary and the Owner of the goods shall be liable for All losses or damages including demurrage incurred in default thereof . Discharge may commence without previous notice If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are unclaimed goods, the Carrier shall be at liberty to land such goods on shore or any other place at the sole risk and expense of the Merchant and the Carrier's responsibility of delivery of cargo shall be deemed to have been fulfilled [illegible] Weighing on board is only allowed by special permission of the Carrier, including detention and extra costs of discharging, shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary

If the goods are unclaimed during a reasonable time, or wherever the goods will become deteriorated decayed or worthless, the Carrier may at his discretion and subject to his lien, and without any responsibility attaching to him sell, abandon or otherwise dispose of such goods [illegible] port or ports of discharge shall be

9.LIGHTERAGE, Any lighterage in or off ports [illegible] for the account of the Merchant

天津市隆展国际贸易有限公司 TIANJIN LONGKANG INTERNATIONAL TRADE CO., LTD. [stamp]

10.LIEN. The Carrier shall have a lien on the goods [illegible] other amount payable by the Merchant for freight, dead freight [illegible] whatsoever due and for the cost of recovering the same,and for General Average contributions [illegible] and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods the proceeds fail to cover the amount due and the cost and expenses incurred the Carrier shall be entitled to recover the deficit from the Merchant

11.NOTICE OF LOSS OR DAMAGE, TIME BAR. Unless notice of loss or damage and the general nature of such loss or damage [illegible] the goods into the custody of the person entitled to delivery thereof under the contract of carriage agent at the port of discharge before or at the time of the removal [illegible] such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage [illegible] must be given within three days of the delivery.

ENDORSED TO THE ORDER OF

SOCIETE GENERALE PARIS [stamp]

In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities, to [illegible]

12.LIMITATION OF LIABILITY. All claims [illegible] calculated on the basis of the Merchant's net invoice cost, plus freight and insurance premium, if paid .In no event shall the Carrier be liable for any loss of possible profit or any consequential loss. The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding 1100 per package or freight unit unless the value for the goods higher than the amount is declared in writing by the shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required. If the actual value of the goods per package or per freight unit exceeds such value, the declared value shall nevertheless, be deemed to be the declared value and the Carrier's liability if any , shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13.FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT, If necessary, the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or other persons or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Merchant's risk , The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.

14.DANGEROUS GOODS, CONTRABAND.(1)The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable radio-active, and /or any harmful nature without previosly giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.

(2) Whenever the goods are discovered to have been shipped without complying with the subclause(1)above or the goods are found to be contraband or prohibited by any laws of regulations of the port of loading, discharge or call or any place of waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting from such shipment

(3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation except to General Average, if any.

15.DECK CARGO, LIVE ANIMALS AND PLANT Cargo on deck plants and live animals are received, handled, carried, kept and discharged at Merchants risk and the Carrier shall not be liable for loss thereof or damage thereto.

16.CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents or servants in containers and containers whether stowed as aforesaid or received fully stowed may be carried on or under deck without notice. The Carrier's liability for such carriage shall likewise be governed by the terms and conditions of this Bill of Lading irrespective of Clause 15 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average (2) If a container has not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for loss of or damage to the contents and the merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense incurred by the Carrier if such injury, loss, damage, liability or expense has been caused by:

1) the manner in which the container has been filled, packed, stuffed or loaded;or

2) the unsuitability of the contents for carriage in containers;or

3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.

apparent upon reasonable inspection by the merchant at or prior to the time the container was filled, packed, stuffed or loaded.

If a container which has not been filled, packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact, Such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17.REFRIGERATED GOODS Before loading goods in any insulated space, the Carrier shall, in addition to the Class Certificate, obtain the certificate of the classification Society's surveyor or other competent person, stating that such insulated space and refrigerating machinery are in the opinion of the surveyor or other competent person fit and safe for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.

Receivers have to take delivery of refrigerated cargo as soon as the vessel is ready to deliver, otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18.TIMBER.Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the Carrier as to the absence of stains, shakes, splits holes or broken pieces, for which the Carrier accepts no responsibility.

19.IRON AND STEEL Every piece of iron and Steel is to be distinctly and permanently marked with oil paint and every bundle securely fastened, distinctly and permanently Marked with oil paint and metal tagged, by the merchant, so that each piece or bundle can be distinguished at port of discharge. If the Merchant fails to meet the aforesaid requirements, the Carrier shall neither be responsible for correct delivery nor liable for expenses arising therefrom.

20.BULK CARGO, GOODS TO MORE THAN ONE CONSIGNEE.(1) As the Carrier has no reasonable means of checking the weight of bulk cargo, and reference to such weight in this Bill of Lading shall be deemed to be for reference only, but shall constitute in no way evidence against the Carrier.

(2) Where bulk cargo or goods without marks or cargo with the same marks are shipped to more than one Consignee, the Consignees, or Owners of the goods shall jointly and severally bear any expense or loss in dividing the goods or parcels into pro rata quantities and any deficiency shall fall upon them in such proportion as the Carriers, his servants or agents shall decide.

21.HEAVY LIFTS AND AWKWARD CARGO Any one piece or package of cargo weighs 2000 kilos or upwards and any awkward cargo with a length of 9 meters or upwards must be clearly and boldly marked with the weight and/or dimensions and/or length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage, Loss or liability to the ship, lighter, wharf, quay, cranes, hoisting tackle, or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length, the Merchant shall be responsible for such damage, loss or liability

22.FUMIGATION In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him, and all expenses incurred are for Merchant's account.

23.OPTION The port of discharge for optional goods must be declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours Before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this bill of Lading.

24.GENERAL AVERAGE AND NEW JASON CLAUSE.(1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules 1974, at any port or place at the carrier's option.

(2) In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever whether due to negligence or not, for which or for the consequence of which the Carrier is not responsible, by statute contract or otherwise, the goods, Shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods If a salving ship is owned or operated by the Carrier, Salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers.Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required , be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25.BOTH TO BLAME COLLISION CLAUSE If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act neglect or default of the master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying ship or Carrier. the forcoing provisions shall also apply where the Owners, operators or those in charge of any vessel or vessels or objects other than or in addition to, the colliding vessels or objects are at fault in respect of a collision contact stranding or other accident.

26.WAR, QUARANTINE, ICE, STRIKES, CONGESTION ECT.Should it appear that war blockade, pirate, epidemics, quarantine, ice, strikes, congestion and other causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat, the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circumstances shall be borne by the merchant.

CARRIER: AEGEAN CARRIERS SA

PT.27

# BILL OF LADING

B/L No.

Nationality of Ocean Vessel

Shipper

TIANJIN LONGKANG INTERNATIONAL TRADE CO.LTD,
2/F TOWER 2,YIN HE HOTEL WUXIA STREET, DONGLI DISTRICT,
TIANJIN, CHINA

Consignee

TO THE ORDER OF SOCIETE GENERALE, PARIS

Notify Address

CARBOFER GENERAL TRADING SA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on, the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods.

Original

Pre-carriage by

Place of Receipt by Pre-carrier

Ocean Vessel: MV PADRE

Port of Loading: XINGANG PORT, CHINA

Port of Discharge: SAGUNTO PORT, SPAIN

Final destination (if goods to be transhipped at port of discharge)

Freight payable at

Number of original B/L: THREE

| Marks & Nos. /Container Nos. | Number and Kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 104 PIECES<br>PRIME HOT ROLLED STEEL PLATES<br><br>CLEAN ON BOARD<br>FREIGHT PREPAID | 493,392KGS | |
| TOTAL PACKAGES (IN WORDS) | TOTAL: ONE HUNDRED AND FOUR PIECES ONLY. | | |

particulars Furnished by Merchants

Freight and charges

Place of B(s)/L Issue: XINGANG PORT, CHINA

Date: 04 OCT 2007

Signed for the Carrier

Tianjin Portrans International Shipping Agency Co., Ltd.
AS AGENTS BY AND ON BEHAIF OF CARRIERS MESSRS AEGEAN CARRIERS SA

(5)

Applicable only when document used as a Through Bill of Lading

ZHSA FORM 01 printed in 1-1997

The following are the conditions and exceptions hereinbefore referred to:

1.DEFINITION "Merchant" includes the Shipper, The Receiver, the Consignor, The Consignee, the Holder of the Bill of Lading and the Owner of the Goods.

2.JURISDICTION .All disputes arising under and in connection with this Bill of Lading shall be settled in the flag state of the ship or otherwise in the place [illegible] between the carrier and the Merchant.

3.PARAMOUNT CLAUSE This Bill of Lading shall be subject to the Hague Rules contained in the International Convention for the Unification of Certain Rules of Law relating to bills of Lading,dated at Brussels the 25th August 1924,or the corresponding legislation of the flagstate of the ship if the stipulation of this Bill of Lading are wholly or party contrary thereto. This Bill of Lading shall be read as if such stipulation or part thereof,as the case may be were deleted.

4.PERIOD OF RESPONSIBILITY. The responsibility of the carrier shall commence from the time when the goods are loaded on board the vessel and shall cease when they are discharged from the vessel.
The Carrier shall not be liable for loss of or damage to the goods before loading and after discharging from the vessel however such loss or damage arises.

5.PACKING AND MARKS The Merchant shall have the goods properly packed and accurately and clearly marked before shipment. The port of destination of the goods should be marked in Letters not less than 5 cm high, in such a way as will remain legible until their delivery, all fines and expenses arising from insufficiency or inadequacy of packing or marks shall be borne by the Merchant.

6.FREIGHT AND OTHER CHARGES (1)Advance freight together with other charges is due on shipment, if not prepaid, though stipulated. The freight and other charges shall be paid by the Merchant plus 5% interest per annum running from the date of notification for their payment.
If the cargo shipped are perishables . Low cost goods, live animals deck cargo or goods for which there is no Carrier's agent at the port of destination,the freight for such cargo and all related charges shall be paid at the time of shipment.
Freight payable at destination together with other charges is due on vessel's arrival. Advance freight and/or freight payable at destination shall be paid to the carrier in full and non-returnable and non-deductable irrespective of whatever loss or damage may happen to vessel and cargo or either of them.
(2) All dues , taxes and charges or any other expenses in connection with the goods shall be paid by the Merchant.

7.INCORRECT STATEMENT,The Carrier is entitled at port of shipment and/or port of destination, to verify the quantity, Weight, measurement and contents of the goods as declared by the Merchant.If the weight, Measurement and/or contents of such goods as stated in the Bill of Lading turned out to be inconsistent with that of the goods actually loaded, and the freight the paid falls short of the amount which would have been due,if such declaration had been correctly given, The Carrier is entitled to collect from the Merchant as liquidated damages to the Carrier double the amount of difference between the freight for the goods actually shipped and that mis-stated.
The Merchant shall be liable for loss of and damage to the vessel and/or goods arising or resulting from inaccuracies in stating the description, quantity, weight, measurement contents of goods and shall indemnify the Carrier for all costs and expenses [illegible] shall goods.

8.LOADING, DISCHARGING AND DELIVERY. The goods shall be supplied and taken delivery of by the owner of the goods as fast as the vessel can take and discharge them [illegible] sundays and holidays [illegible] any custom of the port to the contrary and the [illegible] for all losses or damages including demurrage incurred in default thereof. Discharge may commence without previous notice. If the goods are not taken delivery of by the Receiver from alongside the vessel without delay, or if the Receiver refuses to take delivery of the goods, or in case there are unclaimed goods, the Carrier shall be at liberty to land such goods on shore or any other proper place [illegible] responsibility of [illegible]
Weighing on board is only allowed by special permission of the Carrier, including detention and extra costs of discharging, shall be for account of the Receivers or Consignees, notwithstanding any custom of the port to the contrary.
If the goods are unclaimed during a reasonable time, or whenever the goods will become deteriorated decayed or worthless, the Carrier may, at his discretion and subject to his lien, and without any responsibility, sell abandon or otherwise dispose of [illegible]

ENDORSED TO THE ORDER OF SOCIETE GENERALE PARIS

9.LIGHTERAGE, Any lighterage in or off ports of loading or ports of discharge shall be for the account of the Merchant.

10.LIEN. The Carrier shall have a lien on the goods and any document relating thereto for freight, dead freight, demurrage and any other amount payable by the Merchant and for General Average contributions for whomsoever due and for the cost of recovering the same,and for this purpose shall have the right to sell or otherwise dispose of the goods. If on sale of the goods, the proceeds fail to cover the amount due and the cost and expenses incurred, the Carrier shall be entitled to recover the deficit from the Merchant.

11.NOTICE OF LOSS OR DAMAGE, TIME BAR, Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the Carrier of the goods as described in the Bill of Lading. If the loss or damage is not apparent the notice must be given within three days of the delivery.
In the case of any actual or apprehended loss or damage the Carrier and the Receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

12.LIMITATION OF LIABILITY .All claims for which the Carrier may be liable shall be calculated on the basis of the Merchant's net invoice cost, plus freight and insurance premium, if paid ,in no event shall the Carrier be liable for any lock of possible profit or any consequential loss. The Carrier for any loss of or damage to the goods shall be limited to an amount not exceeding 1100 per package or freight unit unless the value for the goods higher than the amount is declared in writing by the shipper before receipt of the goods by the Carrier and inserted in this Bill of Lading and extra freight paid as required. If the actual value of the goods, per package or per freight unit exceeds such value, the declared value shall , nevertheless, be deemed to be the declared value and the Carrier's liability if any , shall not be the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

13.FORWARDING, SUBSTITUTE OF VESSEL, THROUGH CARGO AND TRANSHIPMENT, If necessary, the Carrier shall be at liberty to carry the goods to their port of destination by other vessel or vessels either belonging to the Carrier or other persons or by rail or other means of transport proceeding either directly or indirectly to such port and to carry the goods or part of them beyond their port of destination, and to tranship, lighter, land and store the goods on shore or afloat and reship and forward same at the Carrier's expenses but at Merchant's risk , The responsibility of the Carrier shall be limited to the part of the transport performed by him on the vessel under his management.

14.DANGEROUS GOODS, CONTRABAND,(1)The Merchant undertakes not to tender for transportation any goods which are of a dangerous, inflammable radio-active, and /or any harmful nature without previously giving written notice of their nature to the Carrier and marking the goods and the container or other covering on the outside as required by any laws or regulations which may be applicable during the carriage.
(2) Whenever the goods are discovered to have been shipped without complying with the subclause(1)above or the goods are found to be contraband or prohibited by any laws of regulations of the port of loading, discharge or call or any place of waters during the carriage, the Carrier shall be entitled to have such goods rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation and the Merchant shall be liable for and indemnify the Carrier against any kind of loss, damage or liability including loss of freight, and any expenses directly or indirectly arising out of or resulting from such shipment
(3) If any goods shipped complying with the sub-clause (1) above become a danger to the ship or cargo, they may in like manner be rendered innocuous, thrown overboard or discharged or otherwise disposed of at the Carrier's discretion without compensation except to General Average, if any.

15.DECK CARGO, LIVE ANIMALS AND PLANT Cargo on deck plants and live animals are received, handled, carried, kept and discharged at Merchants risk and the Carrier shall not be liable for loss thereof or damage thereto.

16.CARGO IN CONTAINERS. (1) Goods may be stowed by the Carrier or his agents or servants in containers and containers whether stowed as aforesaid or received fully stowed may be carried on or under deck without notice. The Carrier's liability for such carriage shall likewise be governed by the terms and conditions of this Bill of Lading irrespective of Clause 15 hereof notwithstanding the fact that the goods are being carried on deck and the goods shall contribute to General Average and shall receive compensation in General Average (2) If a container has not been filled, packed, stuffed or loaded by the Carrier, the Carrier shall not be liable for loss of or damage to the contents and the merchant shall indemnify the Carrier against any injury, loss, damage, liability or expense incurred by the Carrier if such injury, loss, damage, liability or expense has been caused by:
1) the manner in which the container has been filled, packed, stuffed or loaded;or
2) the unsuitability of the contents for carriage in containers; or
3) the unsuitability or defective condition of the container which would have been apparent upon reasonable inspection by the Merchant at or prior to the time the container was filled, packed, stuffed or loaded.
apparent upon reasonable inspection by the merchant at or prior to the time the container was filled, packed, stuffed or loaded.
If a container which has not been filled, packed, stuffed or loaded by the Carrier is delivered by the Carrier with the seal intact. Such delivery shall be deemed as full and complete performance of the Carrier's obligation hereunder and the Carrier shall not be liable for any loss of or damage to the contents of the container The shipper shall inspect containers before stuffing them and the use of the containers shall be prima facie evidence of their being sound and suitable for use.

17.REFRIGERATED GOODS Before loading goods in any insulated space, the Carrier shall, in addition to the Class Certificate, obtain the certificate of the classification Society's surveyor or other competent person, stating that such insulated space and refrigerating machinery are in the opinion of the surveyor or other competent person fit and safe for the carriage and preservation of refrigerated goods. The aforesaid certificate shall be conclusive evidence against the Merchant.
Receivers have to take delivery of refrigerated cargo as soon as the vessel is ready to deliver, otherwise the Carrier shall land the goods at the wharf at the Merchant's risk and expense.

18.TIMBER.Any statement in this Bill of Lading to the effect that timber has been shipped "in apparent good order and condition" does not involve any admission by the Carrier as to the absence of stains, shakes, splits holes or broken pieces, for which the Carrier accepts no responsibility.

19.IRON AND STEEL Every piece of Iron and Steel is to be distinctly and permanently marked with of paint and every bundle securely fastened, distinctly and permanently Marked with of paint and metal tagged, by the merchant, so that each piece or bundle can be distinguished at port of discharge, if the Merchant fails to meet the aforesaid requirements, the Carrier shall neither be responsible for correct delivery nor liable for expenses arising therefrom.

20.BULK CARGO.GOODS TO MORE THAN ONE CONSIGNEE. (1) As the Carrier has no reasonable means of checking the weight of bulk cargo, and reference to such weight in this Bill of Lading shall be deemed to be for reference only, but shall constitute in no way evidence against the Carrier.
(2) Where bulk cargo or goods without marks or cargo with the same marks are shipped to more than one Consignee, the Consignees, or Owners of the goods shall jointly and severally bear any expense or loss in dividing the goods or parcels into pro rata quantities and any deficiency shall fall upon them in such proportion as the Carriers, his servants or agents shall decide.

21 HEAVY LIFTS AND AWKWARD CARGO Any one piece or package of cargo weighs 2000 kilos or upwards and any awkward cargo with a lenght of 9 meters or upwards must be clearly and boldly marked with the weight and/or dimensions and/or length by the shipper and shall be loaded and discharged by shore crane or otherwise at the ship's option and at the risk and expense of the Merchant. If any damage, Loss or liability to the ship, lighter, wharf, quay, cranes, hoisting tackle, or whatsoever or to whomsoever occurs owing to the lack of statement or mis-statement of weight, measurement or length, the Merchant shall be responsible for such damage, loss or liability

22. FUMIGATION In the event of fumigation of goods on board for whatever reason, the Carrier shall not be liable for damage to goods without actual proof of the Carrier's negligence which shall not be presumed against him, and all expenses incurred are for Merchant's account.

23. OPTION The port of discharge for optional goods must declared to the vessel's agents at the first of the optional ports named in the option not later than 48 hours before the vessel's arrival there. In the absence of such declaration the Carrier may elect to discharge at the first or any optional port and the contract of carriage shall then be considered as having been fulfilled. Any option must be for the total quantity of goods under this bill of Lading.

24.GENERAL AVERAGE AND NEW JASON CLAUSE.(1) General average shall be adjusted, stated and settled according to the York-Antwerp Rules.1974.at any port or place at the carrier's option.
(2)In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever whether due to negligence or not, for which or for the consequence of which the Carrier is not responsible, by statute contract or otherwise, the goods. Shippers, Consignees or owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the goods If a salving ship is owned or operated by the Carrier. Salvage shall be paid for as fully as if the said salving ship or ships belonged to strangers Such deposit as the Carrier or his agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required , be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery.

25.BOTH TO BLAME COLLISION CLAUSE If the vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act neglect or default of the master, mariner, pilot or of the servants of the Carrier in the navigation or in the management of the vessel, the owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the owners of said goods paid or payable by the other or non-carrying vessel or her owners to the Owners of said goods and set-of, recouped or recovered by the other or non-carrying vessel or her owners as part or their claim against the carrying ship or Carrier. the forgoing provisions shall also apply where the Owners, operators or those in charge of any vessel or vessels or objects other than or in addition to. the colliding vessels or objects are at fault in respect of a collision contact stranding or other accident.

26.WAR, QUARANTINE, ICE, STRIKES, CONGESTION ECT .Should it appear that war blockade, pirate, epidemics, quarantine , ice, strikes, congestion and other-causes beyond the Carrier's control would prevent the vessel from safely reaching the port of destination and/or discharging the goods thereat. the Carrier is entitled to discharge the goods at the port of loading or any other safe and convenient port and the contract of carriage shall be deemed to have been fulfilled. Any extra expenses incurred under the aforesaid circum stances shall be borne by the merchant.

Shipper

TIANJIN SEAMLESS STEEL PIPE PLANT
976 DAGUNAN ROAD HEXI DISTRICT TIANJIN CHINA

# BILL OF LADING

B/L NO. PT-28

Nationality of Ocean Venssel

CARRIER: ABGBAN CARRIERS SA

Consignee

T.A.L. TUBI ACCIAIO LOMBARDA SPA

Notify Address

T.A.L. TUBI ACCIAIO LOMBARDA SPA

Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.

The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading The Shipper, Consignee and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.

In withe, as whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.

Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon That goods.

Original

| Pre-carriage by | Place of Receipt by Pre-carrier | | |
|---|---|---|---|
| Ocean Vessel: PADRE V. 5 | port of Loading: XINGANG CHINA | | |
| port of Discharge: LA SPEZIA PORT | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B (s)/L: THREE |

Particulars Furnished by Merchants

| Marks & Nos./Container Nos. | Number and kind of packages, description of goods. | Gross weight kgs | Measurement m³ |
|---|---|---|---|
| N/M | 370 BUNDLES<br>LINE PIPE QUALITY API 5L GR.B/ASTM A 106 GR.B<br>AS PER CONTRACT 2007-3<br><br>CLEAN ON BOARD /<br>FREIGHT PREPAID / | 584455 KGS | |
| TOTAL PACKAGES(IN WORDS) | TOTAL: THREE HUNDRED AND SEVENTY BUNDLES ONLY. | | |

Freight and charges

Place of B(s)/L Issue: TIANJIN

Dated: [illegible]

Signed for the Carrier

AS AGENT FOR THE CARRIER:
ABGBAN CARRIERS SA

Applicable only when document used as a Through Bill of Lading

(PGC FORM 02)Printed in 1-1988

03/01 2008 13:48 FAX
3. Ene. 2008 13:06
@011
Nº1011 P. 1

CODE NAME: "CONGENBILL" EDITION 1994

page 2

**BILL OF LADING**

TO BE USED WITH CHARTER-PARTIES

NON NEGOTIABLE COPY

Shipper

XINFA AIRPORT EQUIPMENT LTD. ADD: JINGCHANG HIGH-TECH INFORMATION INDUSTRIAL PARK, NO. 202 CHANGPING ROAD, SHAHE, CHANGPING DISTRICT, BEIJING, P.R. CHINA

Consignee

AIR-RAIL, S.L. C/ALSASUA, 16-1º LZODA, MADRID, SPAIN

NON NEGOTIABLE COPY

Atn. Mari Carmen Lopez

Fax 913141780

Notify address

AIR-RAIL, S.L. C/ALSASUA, 16-1º LZODA, MADRID, SPAIN

NON NEGOTIABLE ORIGINAL COPY

Vessel: PADRE V.5

Port of loading: XINGANG, CHINA

Port of discharge: SAGUNTO

Shipper's description of goods

Gross weight

DESCRIPTN OF GOODS&/OR SER VICES 2 UNITS AIRPORT APRON BUS

2 PACKAGES

23 MT 250.110M3

2 UNITS XINFA AIRPORT APRON BUS WITH ALLISON AUTOMATIC TRANSMISSION, ENGINE: DEUTZ BF4M1013-1623, GOOD YEAR AIR SUSPENSION, THERMOKING AC UNITS

NON NEGOTIABLE COPY

FREIGHT PREPAID

SAY TWO PACKAGES ONLY

SHIPPED ON DECK AT CHARTERERS/SHIPPERS AND RECEIVERS RISK AND EXPENSE AND RESPONSIBILITY WITHOUT LIABILITY ON THE PART OF THE VESSEL OR HER OWNERS FOR ANY LOSS/DAMAGE/EXPENSES OR DELAY HOWSOEVER CAUSED

(of which on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per CHARTER-PARTY dated

FREIGHT ADVANCE.
Received on account of freight:

Time used for loading ______ days ______ hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Freight payable at

Place and date of issue: 29 SEP 2007

Tianjin Port International Shipping Agency Co., Ltd.

Number of original Bs/L: 3/THREE

Signature: AS AGENTS FOR AND ON BEHALF OF THE MASTER: DAVIDRIS ALEXANDROS

NON NEGOTIABLE COPY

Printed and sold by Witherby & Company Limited, 32/36 Aylesbury Street, London EC1R 0ET. Tel. No. 0171 251 5341 Fax No. 0171 251 1296