CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Padre Shipping, Inc.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PADRE SHIPPING, INC.,

                                    Plaintiff,

                                                                        07 CV 9682 (JFK)

            v.

YONG HE SHIPPING, also known as,
YONG HE SHIPPING (HK) LIMITED;
PROSPER SHIPPING LIMITED;
SHANGHAI COSFAR SHIPPING
INTERNATIONAL CO. LTD.;
AEGEAN CARRIERS SA;
GOLDED TAI SHIPPING LIMITED;
SOUTH AEGEAN SHIPPING;
OLD EASTERN MEDITERRANEAN CO., SA;
CHANGSHU HOTHEART INTERNATIONAL
SHIPPING AGENCY;
TIANJIN PORTRANS INTERNATIONAL
SHIPPING AGENCY CO., LTD.; and,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING,

                                    Defendants.
-------------------------------------------------------------X


**DECLARATION IN OPPOSITION TO PORTRANS'
MOTION TO VACATE PROCESS OF MARITIME ATTACHMENT**

The undersigned, Chen Zhensheng, a Chinese national and resident in Shanghai, The People's Republic of Chin, presents this declaration to set forth my opinions on the validity of the Plaintiff Padre Shipping Inc.'s (hereinafter "Padre") maritime claim against the defendant Tianjin Portrans International Shipping Agency Co., Ltd. (hereinafter "Padre") under Chinese law and in support of the Plaintiff's Opposition to the Defendant Portrans' Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by the Clerk of the Court for the above captioned matter on .

I hereby declare as follows:

1. I am a graduate of Dalian Maritime University and Part-time Law University for Court Cadres, from which I received my law degree in International Economic Law and am a visiting scholar of the Center for the Study of Law and Society of California University, U.S.A.

2. I am a duly licensed attorney and I am admitted to practice before the bar of the Supreme Court of China, the Shanghai Higher Court and Maritime Court except Shanghai Maritime Court in the People's Republic of China.

3. I am a partner in the Rolmax Law Office, which is one the few private law firms in China that specializes in shipping and commercial affairs.

4. I was a Judge in the Shanghai Maritime Court from 1985 to 1999 and am an arbitrator of China Maritime Arbitration Committee from 1999 till now..

5. I am a Visiting Professor in Maritime Law of Shanghai International Studies University, Shanghai Institute of Foreign Trade and Jimei University.

6. I have read and considered the Motion to Vacate the Process of Maritime Attachment, dated January 10, 2008, presented by the Defendant Portrans with particular attention to the argument set forth therein that Plaintiff Padre fails to state a prima facie maritime claim against the Defendant Portrans.

7. In my capacity, as legal counsel for Padre in The People's Republic of China, I have been asked by Padre to provide counsel as to whether or not Padre has a

①

valid claim against Portrans and to commence proceedings against Portrans in China.

8. It is my opinion that Padre does have a valid maritime claim against Portrans pursuant to Chinese law in contract and in tort.

9. In accordance with Padre's instructions, I am preparing to commence proceedings against Portrans in Tianjin Maritime Court.

10. So that the United States District Court may understand the basis for my opinion, I set forth below my analysis of Padre's claim against Portrans under Chinese law beginning with a review of the relevant facts:

A. Background Facts

1.      On 29 August 2007, Padre Shipping Inc, Liberia, the Owner of the vessel MV PADRE concluded a time charter party contract with Yong He Shipping of Hong Kong as charterers, who appointed Portrans to act as port agent (Port of Tianjin) for the MV PADRE. The vessel was delivered to Yong He on 24 September 2007, however, Yong He delayed the first two hire payment and further failed to make all the following payment which has amounted to $2,797,230.00 insofar.

2.      On 6 October 2007, an authorization letter was issued and delivered to Portrans by the Master of the MV PADRE, which mainly provides:

(1) All bills of lading signed by Portrans to conform strictly with quantities, descriptions and remarks of the Mate's receipts.
(2) All bills of lading issued by Portrans should incorporate the terms and conditions of the CP between Owners and Yong He.
(3) Bills of lading issued by Portrans shall bear the date on which loading of the cargo concerned was completed. Antedated or postdated bills of lading are not allowed.
(4) Bills of lading marked "freight prepaid" shall not to be released unless Portrans receives instructions from the charterer Yong He.
(5) Failure to comply with the authority will render bills of lading null and void as signed without Master's authority, thus issued by Portrans and Portrans will be held liable of the cost of all damages and consequential expenses.

(2)

3.    However, Portrans issued Bs/L contrary to the Master's instructions in that some of the bills were pre-dated, the comments on the Mates' receipts were not included, a different carrier has been listed in the bills, the bills have made no reference to the CP between Yong He and Owners, all of which have prevented Owners from exercising their lien rights against the cargo on board at discharge ports and thus from securing its claim for unpaid hire.

### B. Analysis of Legal Position under Chinese law

As the facts stand, I have an opinion that our clients Padre Shipping Inc. can make a valid maritime claim against Portrans under Chinese law by Breach of Contract or By Tort.

### 1.  *By Breach of Contract*

*Article 10* of Contract Law of PRC provides:
> *"A contract may be made in a written form,, in an oral conversation, as well as in any other form. "*

*Article 14*
> *"An offer is a party's manifestation of intention to enter into a contract with the other party, which shall comply with the following:*
> *(i) Its terms are specific and definite;*
> *(ii) It indicates that upon acceptance by the offeree, the offeror will be bound thereby. "*

*Article 21*
> *"An acceptance is the offeree's manifestation of intention to assent to an offer. "*

*Article 22*
> *"An acceptance shall be manifested by notification, except where it may be manifested by conduct in accordance with the relevant usage or as indicated in the offer. "*

*Article 32*
> *"Where the parties enter into a contract by a memorandum of contract, the contract is formed when it is signed or sealed by the parties. "*

☑ 005/00☑

24/01 2008 13:53 FAX

*Article 107*

"*If a party fails to perform its obligations under a contract, or rendered non-conforming performance, it shall bear the liabilities for breach of contract by specific performance, cure of non-conforming performance or payment of damages, etc.*"

*Article 113*

"*Where a party failed to perform or rendered non-conforming performance, thereby causing loss to the other party, the amount of damages payable shall be equivalent to the other party's loss resulting from the breach, including any benefit that will be accrued from performance of the contract, provided that the amount shall not exceed the likely loss resulting from the breach which was foreseen or should have been foreseen by the breaching party at the time of conclusion of the contract.*"

According to these provisions, regarding this case, I am of the view that:

(i)     the letter of authorization did constitute a contract between the vessel Owner and Portrans; and,

(ii)    Portrans breached the letter of authorization.

As far as facts are concerned, Owners/Master did issue a letter of authorization on 6 October 2007 which can be taken as an offer. Further, Portrans signed its name at the end of the letter which could be regarded as an acceptance. Therefore, the letter of authorization did constitute a contract between the two parties. Portrans should perform its obligations under the contract. However, Portrans, in breach of this letter of authority, issued Bs/L contrary to the Master's instructions that have prevented Owners from exercising their lien rights against the cargo on board at discharge ports and thus from securing its claim for unpaid hire which caused Owners great losses. Therefore, Owners have an entitlement to recover their losses from the breacher Portrans.

The fact that Portrans merely acknowledged the authorization letter with the note that was Received by Portrans" is of no consequence. We are of the view the "Received by Portrans" in this circumstance means that Portrans had notified of the content of this letter of authorization and have accepted the authorization. If they did not accept the authorization, they are able to refuse to sign. In sum, the signature of Portrans constituted an acceptance to Owner's offer and thus a contract was formed accordingly.

Also, as I understand that Portrans argues that they issued the subject Bs/L according to the Messrs Aegean Carriers SA's instruction, the agent of the charterers, this point does not absolve Portrans of liability to the vessel Owner. We are of the view that once Portrans has accepted the authorization from the Master to issue the Bs/L for the subject cargo, they should not accepted other authorization from Messrs Aegean Carriers SA, the agent of the charterers. It is not allowed under Chinese law. Further, if they

accepted the authorization from the Master to issue the Bs/L for the subject cargo, they should perform the contract. Failing to perform the contract, they shall bear the liabilities for it.

### 2. By Tort

*Article 66* of Civil Law of PRC provides:

> "*The principal shall bear civil liability for an act performed by an actor with no power of agency, beyond the scope of his power of agency or after his power of agency has expired, only if he recognizes the act retroactively. If the act is not so recognized, the performer shall bear civil liability for it. if a principal is aware that a civil act is being executed in his name but fails to repudiate it, his consent shall be deemed to have been given.*
> *An agent shall bear civil liability if he fails to perform his duties and thus causes damage to the principal.*"

*Article 106*

> "*Citizens and legal persons who breach a contract or fail to fulfill other obligations shall bear civil liability.*
> *Citizens and legal persons who through their fault encroach upon state or collective property or the property or person of other people shall bear civil liability).*
> *Civil liability shall still be borne even in the absence of fault, if the law so stipulates.*"

*Article 117*

> "*Anyone who encroaches on the property of the state, a collective or another person shall return the property; failing that, he shall reimburse its estimated price.*
> *Anyone who damages the property of the state, a collective or another person shall restore the property to its original condition or reimburse its estimated price. If the victim suffers other great losses therefrom, the infringer shall compensate for those losses as well.*"

According to these provisions, regarding this case, we are of the view that the Owners have to prove:

(i)     Portran had infringed the Owners' legal rights;
(ii)    Owners have suffered losses;
(iii)   There is the causation between such infringement and the losses
(iv)    subjective fault/offence made by Portrans.

We are of the view that the Owners will be able to establish all of the elements for the claim by Tort.

In a nutshell, the Owner can make a claim against Portrans in China either by Breach of Contract or by Tort.

In particular, *Article 4 of Special Procedure Law for Maritime lawsuits of PRC provides*:

> *"The maritime court shall entertain lawsuits in respect of maritime torts, maritime contracts and other maritime disputes brought by the parties as provided for by law."*

*Article 2 of Advice to Some Issues of Civil Procedure Law of PRC by the Supreme Court also provides*:

> *"The maritime court shall have jurisdiction over admiralty and maritime cases."*

As the aforesaid disputes involve maritime factors, we're of the firm view that the Owner is able to make a maritime claim against Portrans in maritime court in China.

I do so declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true and correct.

Dated: January 23nd, 2008
      Shanghai, People' s Republic of China

_____
Chen Zhensheng