BLANK ROME, LLP
Attorneys for Defendant
TIANJIN PORTRANS INT'L
SHIPPING AGENCY CO., LTD.
Jack A. Greenbaum (JG 0039)
405 Lexington Ave.
New York, N.Y. 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PADRE SHIPPING, INC.,

        Plaintiff,

   - v -

YONG HE SHIPPING, *et al*,

        Defendants.

07 CV 9682 (JFK)

**DECLARATION IN SUPPORT OF
ORDER TO SHOW CAUSE
WHY ATTACHMENT
SHOULD NOT BE VACATED
AND COMPLAINT DISMISSED**

        JACK A. GREENBAUM deposes and says:

        1. I am a member of the firm of Blank Rome LLP, attorneys for defendant Tianjin Portrans International Shipping Agency Co. Ltd. ("Portrans"). This declaration and the declarations of Xu Nuo and Zhang Ze Ming, and the accompanying Memorandum of Law, are submitted in support of Portrans' application by order to show cause for an order pursuant to Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims and F. R. Civ. P. Rule 12(b)(6): (1) releasing a restraint of US$558,499.33 remitted by Portrans to Golden Pacific Sea (H.K.) Group Ltd. ("Golden Pacific") because said funds belonged to Golden Pacific at both the points of origination and destination, (2) vacating the Order for issuance of Process of Maritime Attachment and Garnishment of Portrans' funds, on the ground that the Complaint fails to state a *prima facie* claim against Portrans, and (3) dismissing the Complaint against Portrans for failure to state an actionable claim against it.

900200.00001/6601180v.1

2. This application is made by Order to Show Cause because Supplemental Rule E(4)(f) entitles a party whose funds have been wrongfully restrained to a prompt hearing and Rule E.1 of the Local Admiralty and Maritime Rules of this Court provides for a hearing within three Court days, unless otherwise ordered. Further, the funds currently under restraint are the property of a third party which is entirely unrelated to this law suit, but which happens to be a client of Portrans. Portrans is a port agent in Tianjin, China, whose duties include, among other things, collecting ocean freight monies and remitting such funds to its clients.

3. The Complaint herein alleges that the plaintiff had a charter party with defendant Yong He Shipping, and then alleges that each of the other defendants is guilty of each of several of the legal elements that case law requires for an action to pierce the corporate veil. It also alleges that some of the other defendants, including Portrans, have acted as agents for Yong He Shipping in handling Yong He's funds. As shown in the accompanying memorandum of law, a Complaint cannot sustain an "alter ego" or "veil piercing" claim merely by conclusorily reciting the legal elements of such a claim, without pointing to specific facts. Further, the allegation that a party has handled funds as an agent for another defendant does not establish any such cause of action. As shown in the accompanying Declarations of Xu Nuo and Zhang Ze Ming, Portrans is a port agent whose routine duties include collecting freights from local importers or exporters and sending the freights on to its clients. Portrans acted on one such occasion with respect to the PADRE, having been appointed by a ship operator named Old Eastern Mediterranean Co. SA.

6. Deponent has provided a copy of this application by e-mail to Defendant's counsel, Owen F. Duffy and George E. Murray of Chalos, O'Connor & Duffy, LLP.

7. No prior request for this or any similar relief has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, N. Y. on December 26, 2007

_____
JACK A. GREENBAUM  (JG-0039)